8

WILSON, APPELLANT, v. RIVERSIDE HOSPITAL, APPELLEE.

[Cite as Wilson v. Riverside Hospital (1985), 18 Ohio St. 3d 8.]

(No. 84-1160—Decided June 19, 1985.)

*Wagoner, Steinberg, Chinnis & Dorf, Joan H. Rife* and *Michael D. Dorf,* for appellant.

*Eastman & Smith, John T. Landwehr* and *Thomas A. Dixon,* for appellee.

PARRINO, J. The issue in this cause is whether the appellant's complaint stated a claim for retaliatory discharge pursuant to R.C. 4123.90.

This court set forth the following standard for determining whether a motion to dismiss should be granted in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223]:

" 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley* v. *Gibson* (1957), 355 U.S. 41, 45." *Id.* at 245.

In determining whether a motion to dismiss for failure to state a claim should be granted, the material allegations of the complaint are taken as admitted. *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, 223 [12 O.O.3d 229]. The court must determine whether the allegations constitute a statement of claim under Civ. R. 8(A) which provides:

"A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled

to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

The purpose of this rule is to notify the defendant of the legal claim against him. See *Border City S. & L. Assn.* v. *Moan* (1984), 15 Ohio St. 3d 65. A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. 5 Wright & Miller, Federal Practice and Procedure (1969) 593, 598, Section 1357.

Appellee argues that the July 19, 1983 letter from the hospital which was attached to the complaint demonstrates that appellant was terminated pursuant to the appellee's leave of absence policy. The hospital contends that letter demonstrates there was no retaliatory motive in failing to rehire Wilson. Thus, the appellee reasons the motion to dismiss was properly granted. We do not agree. Appellee's reliance on its letter is misplaced.

Appellant's material allegation with respect to that letter was that her employment relationship with Riverside Hospital was terminated. The complaint does not allege that she was discharged because of the hospital's leave of absence policy. Therefore, the existence of a leave of absence policy was not a material allegation of appellant's complaint. The leave of absence policy may not be considered in determining whether the motion to dismiss should be granted.

The material allegations in the case *sub judice* are that the appellant was employed by appellee, she was injured on the job, she received workers' compensation, she attempted to return to her job after recovering from the work-related injury, and she was discharged in contravention of R.C. 4123.90. By referring to R.C. 4123.90 in the complaint, appellant sufficiently complied with the notice pleading requirements of Civ. R. 8(A). The material allegations in the complaint manifest an adequate claim of a discharge in violation of R.C. 4123.90.[2]

We therefore hold that a complaint filed by an employee against an employer states a claim for relief for retaliatory discharge when it alleges that the employee was injured on the job, filed a claim for workers' compensation and was discharged by that employer in contravention of R.C. 4123.90.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

---

[2] It is the decision of this court that appellant stated a cause of action based upon an alleged violation of R.C. 4123.90 by her employer. At this juncture of this cause we do not determine or consider the validity of appellee's leave of absence policy for its employees as it relates to R.C. 4123.90.

WRIGHT, J., concurs separately.

HOLMES, J., dissents.

PARRINO, J., of the Eighth Appellate District, sitting for DOUGLAS, J.

WRIGHT, J., concurring. I concur in the majority opinion only because the majority carefully refuses to consider as admitted the hospital's leave of absence policy as articulated in the letter that was attached to appellant's complaint. Had the leave of absence policy been deemed as undisputed it would have been sufficient to support a motion to dismiss for failure to state a claim because such policy is based solely upon the duration of the employee's absence from the firm. This policy does not discriminate on *any* basis. Thus, I concur in this narrowly drafted opinion.

HOLMES, J., dissenting. In the present case, the record shows that Riverside Hospital maintained a leave of absence policy which permitted employees, who are temporarily disabled for less than ten weeks, to return to their work after recovery. This policy was explained in a letter to appellant's attorney, dated July 19, 1983, which was attached to the complaint as "Exhibit B." As noted in the complaint, appellant suffered a back injury in a slip-and-fall accident at Riverside Hospital on August, 5, 1982. She thereafter filed a claim for workers' compensation, which the Industrial Commission allowed, assigning her a designated claim number. Appellant was not able to return to work until July 25, 1983, or approximately eleven months after her injury, as indicated by a letter to Riverside from her physician dated July 14, 1983. As Riverside's assistant director of personnel explained in the letter marked "Exhibit B," when an employee's absence exceeds ten weeks, the employee is considered for the next available position for which he or she is qualified, assuming that one becomes available within three months of the date the employee requests a return to active employment.

Paragraph four of appellant's complaint contains the only important allegation pertinent to the present analysis. There, appellant alleges only that Riverside informed her that she could not return to her original job and that her employment had been terminated. She does not allege that Riverside's action was motivated by her pursuit of a workers' compensation claim. By reference to Riverside's letter (Exhibit B), appellant acknowledges and admits the existence of the hospital's policy regarding leaves of absence which exceed ten weeks. See Civ. R. 10(C). Implicit in this letter is the fact that Riverside's policy predates appellant's employment.

Appellant does not allege any retaliatory motivation relating to Riverside's adherence to its policy. Indeed, this would be difficult to maintain, since if appellant had not filed a claim for compensation, her eleven-month

disability would still have necessitated her termination under Riverside's leave of absence policy. As Exhibit B indicates, Riverside's policy applies to *all* employees, and no employee is guaranteed to return to his or her job if that employee's leave exceeds ten weeks. Whether an employee who files a claim is ever compensated is irrelevant to Riverside's adherence to its ten-week-leave-of-absence policy. Thus, appellant's eleven-month disability "caused" her termination, and the fact that she filed a workers' compensation claim following her injury is actually irrelevant.

Consequently, appellant's complaint sets forth no facts giving rise to a cognizable claim for relief, and the trial court correctly granted Riverside's motion to dismiss.

Accordingly, I dissent from the majority opinion.