**METHENEY, Appellant,**

v.

**SAJAR PLASTICS, INC., Appellee.**

[Cite as *Metheney v. Sajar Plastics, Inc.* (1990), 69 Ohio App.3d 428.]

Court of Appeals of Ohio,
Geauga County.

No. 89–G–1517.

Decided Sept. 17, 1990.

*Anthony P. Christine,* for appellant.

*David M. Ondrey,* for appellee.

---

CHRISTLEY, Presiding Judge.

On July 29, 1986, appellant, Sheryl Metheney, suffered a work-related injury during the course of her employment with appellee, Sajar Plastics, Inc. As a result of this injury, appellant filed a claim for workers' compensation and was awarded temporary total disability benefits. Appellant remained absent from work and continued to receive benefits through March 1, 1988.

On that date, appellant received a letter from appellee, stating that her employment with the company had been terminated as of December 31, 1987. Appellee's action was pursuant to the company's attendance control program. Under the "Medical Leave & Injury at Work" section of the program, an employee could be absent for a maximum period of twelve months.

In June 1988, appellant initiated an action against appellee in the Geauga County Court of Common Pleas. In her complaint, appellant alleged that her discharge had been in violation of R.C. 4123.90. For her remedy, appellant sought reinstatement with full seniority and back pay.

In answering, appellee denied the majority of the allegations contained in the complaint. Appellee also asserted, *inter alia,* that appellant had not been terminated because she had filed a workers' compensation claim.

After extensive discovery, the parties filed opposing motions for summary judgment. Attached to each of these motions were certain stipulations of fact and a copy of the attendance control program. These stipulations have been summarized in the preceding paragraphs. In addition, the stipulations also provided that appellant was aware of the attendance program and that

appellee's sole motivation for her termination was the enforcement of the program.

Also attached to appellant's motion were the affidavits of three other company employees. In each of these documents, the affiants stated that pursuant to their understanding of the attendance program, they did not believe that an absence for a work-related injury would be considered a medical leave.

In considering the materials submitted with the motions, the trial court found that appellant had failed to set forth any facts showing that appellee had discharged her for filing her workers' compensation claim. Instead, the court found it uncontroverted that appellant was terminated pursuant to the attendance program. Accordingly, the court held that appellee was entitled to judgment as a matter of law and granted its motion for summary judgment.

On appeal to this court, appellant has assigned the following as error:

"The Trial Court erred to the prejudice of Plaintiff–Appellant in over-ruling [*sic*] its Motion for Summary Judgment and granting Defendant–Appellee's Motion for Summary Judgment."

As noted above, appellant's complaint was brought under R.C. 4123.90. This statute states, in pertinent part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."

In applying this provision, this court has held that " * * * an employee can only validly assert an R.C. 4123.90 claim if he alleges and proves that he was demoted or dismissed because of his pursuit of workers' compensation benefits." *Molden v. Davey Tree Expert Co.* (Dec. 8, 1989), Trumbull App. No. 88–T–4093, unreported, at 5, 1989 WL 149403. This holding is based upon the general proposition that the statute was not designed to protect an employee from every detrimental action taken by the employer after the filing of a claim. See *Bea v. Revlon Realistic Professional Products, Inc.* (Nov. 27, 1985), Hamilton App. No. C–840926, unreported, 1985 WL 8845, cited in *Molden.* As the Seventh Appellate District has stated, "[t]he statute is unambiguous and narrow. If a person chooses to file an action pursuant to this statute, the burden is upon the complaining party to specifically prove that retaliatory action was taken by an employer for the very specific reason that the plaintiff-employee filed a claim or instituted, pursued or testified in proceedings under [the] workers' compensation act." *Riley v. Youghiogheny*

& *Ohio Coal Co.* (May 26, 1988), Harrison App. No. 410, unreported, at 8, 1988 WL 56491.

 Consistent with this general proposition, this court has also noted that an employee's termination under an employer's medical leave policy is not considered a retaliatory discharge. *McKenney v. Structural Fibers, Inc.* (July 28, 1989), Lake App. No. 89–L–14–018, unreported, 1989 WL 85679. Again, this holding is based upon the limited scope of R.C. 4123.90.

 If the employer's medical leave policy is neutral in its application, its mere existence is not sufficient to show that the employee's discharge was in retaliation for the filing of the claim. *Vince v. Parma Community Gen. Hosp.* (Jan. 21, 1988), Cuyahoga App. No. 53180, unreported, 1988 WL 5165. The employee's evidence must do more than raise an inference of an improper motive.

In arguing that the trial court erred in granting appellee's motion for summary judgment, appellant maintains that the precedent concerning medical leave policies should not be followed in this case. Appellant attempts to distinguish the prior precedent on the grounds that appellee's attendance control program was not the result of a collective bargaining agreement or a written contract. However, the language of the statute simply does not support this distinction.

In *Barker v. Dayton Walther Corp.* (1989), 56 Ohio App.3d 1, 564 N.E.2d 738, the employee was discharged in accordance with the company policy which granted a maximum disability leave of six months for a work-related injury. In appealing the trial court's judgment in favor of the company, the employee argued that R.C. 4123.90 had nullified the application of the employment-at-will doctrine to the period in which a workers' compensation claim is pending. Rejecting this argument, the Second Appellate District emphasized that the statute was not designed to stop an employer from terminating an employee who is unable to return to work.

Appellant argues that the word "retaliation" is not in the statute, but rather that its use has come from subsequent judicial interpretation. See *Youghiogheny, supra.* She argues that being absent from work could be considered a logical consequence of filing a workers' compensation claim. However, the statute contains absolutely no reference to any prohibition regarding discharge or punitive action because of an employee's absence from work. The plain English of the statute is that "because such employee filed a claim * * * or pursued * * * any proceeding * * * for an injury or * * * disease which occurred in the course of and arising out of his employment * * *." R.C.

4123.90. It does not say "because such employee was *on medical leave* due to the filing and pursuit of such a claim."

It is certainly within the realm of possibility that an employer could discharge an employee under the guise of an attendance policy when the company's actual motivation is to punish the worker for filing a claim. Such an action obviously thwarts the purpose of the statute. Nevertheless, it is the job of this court to apply the law as written.

 The scope of the cause of action created by the statute is very limited, and the burden of proof is upon the employee to specifically show that the termination was in direct response to the filing of a claim. If the company policy is neutral in its application, the correlation between the timing of the discharge and the claim is not sufficient to meet the burden of proof. Other reasons for discharging an employee, regardless of their propriety, are not regulated by R.C. 4123.90. *Brown v. Whirlpool Corp.* (Sept. 1, 1987), Marion App. No. 9–86–20, unreported, 1987 WL 16261.

Appellant next argues that the affidavits submitted with her motion nevertheless raise a factual issue as to whether an absence for a work-related injury would be considered a medical leave or an exempted leave under the employer's policy. There may be some question as to whether the co-workers' "opinions" as to the interpretation of the policy are of value in a summary judgment situation when the affidavits do not include any operative facts upon which those speculative opinions were based. Even so, the question is irrelevant because the controverted issue raised is not material to the issue at hand. It is important to remember that this is a claim based on a workers' compensation statute and not a wrongful discharge claim.

 In this case, appellee's attendance control program did not, on its face or in its application, distinguish between medical leaves for injuries suffered on the job and those for other reasons. The affidavits of the co-workers did not imply that they knew of any instances in which the company made any such distinction in its application of the policy. Moreover, the stipulations submitted by the parties stated that the sole motivation for the discharge was the enforcement of the company attendance policy. The belief of the co-workers that the employer's absence policy exempted workers' compensation absences was irrelevant in determining whether this was a discharge in violation of R.C. 4123.90. Thus, the trial court correctly found that appellant had failed to submit any facts in support of her cause of action.

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a

matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Under the foregoing analysis, summary judgment in appellee's favor was appropriate in this case. Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

FORD, J., concurs in judgment only.

DANIEL B. QUILLIN, J., of the Ninth Appellate District, sitting by assignment.