OPINION
Plaintiff-appellant Raymond Boggs appeals the decision of the Mahoning County Common Pleas Court which granted summary judgment in favor of defendant-appellee Commercial Intertech Corporation. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
Appellant began working for appellee in October 1993. Thereafter, appellant injured his shoulder and was unable to work for almost eight months. During this time, appellant collected workers' compensation benefits. When appellant returned to work in October 1994, he received a letter from appellee which stated that appellant missed 160 out of 249 work days which results in a 64.26% absence rate. The letter also stated:
 "Your absences have been of the extended variety and covered by medical documentation but be forewarned that continued absenteeism on your part will lead to discharge. No Company is required to continue an employment relationship with one who, in effect, is working part-time.
 This letter should be considered a written warning and you are put on notice that continued absences on your part will lead to further disciplinary action up to and including discharge."
Appellant continued to work without incident until he began a lengthy absence on April 1, 1996 due to back and elbow injuries. Appellant collected workers' compensation benefits during the seven months that he was unable to work. Appellant returned to work on November 6, 1996, on which day he received a letter which served to suspend him for five days subject to discharge for excessive absenteeism. The suspension letter stated that, since the prior warning letter, appellant missed 153 days of work which results in a 41.6% absence rate. A pre-discharge hearing was held and on November 14, 1996, appellee notified appellant that he was being terminated for excessive absenteeism.
In March 1997, appellant filed suit against appellee alleging retaliatory discharge in violation of R.C. 4123.90. Appellant sought reinstatement and backpay. However, appellee motioned for summary judgment, and the trial court granted said motion in May 1998. The within timely appeal followed, wherein appellant's sole assignment of error alleges that the trial court erred in granting summary judgment for appellee.
 LAW AND ANALYSIS
Pursuant to R.C. 4123.90, an employer is prohibited from discharging an employee because the employee filed a claim or instituted, pursued, or testified in any proceeding under the workers' compensation act. However, this unambiguous statutory provision does not give an employee an absolute right to continued employment merely because he is collecting workers' compensation. The employee must advance a prima facie case of retaliatory discharge. First, the employee must demonstrate that he filed a workers' compensation claim for an injury which occurred in the course of his employment. See Wilson v. RiversideHosp. (1985), 18 Ohio St.3d 8. Secondly, he must show that he was discharged and allege that the discharge was the result of a retaliatory motive. Id. It is then incumbent upon the employer to assert that the employee was discharged for a legitimate nonretaliatory reason. Boyd v. Winton Hills Med. and Health Ctr.,Inc. (Mar. 5, 1999), Hamilton App. No. C-980355, unreported, 2. Thereafter, the employee must demonstrate that the reason given by the employer is pre-textual Id., citing Kilbarger v. AnchorHocking Glass Co. (1997), 120 Ohio App.3d 332.
Appellant's only evidence is that he was terminated and that he received workers' compensation benefits. The following facts are uncontroverted with regards to appellant: he received workers' compensation when he was off work for eight months in 1994; he was issued a written warning about missing over 64% of his scheduled work days; he had notice that his employer would seek to discharge him for any future long-term absences; he was injured in the Spring of 1996; he collected worker's compensation due to his industrial injury; he returned to work on November 6, 1996; and he was then discharged for the stated reason of excessive absenteeism. Seven months elapsed from the time appellant filed for workers' compensation until he was discharged, weakening any inference of retaliation.[1]
Moreover, a bona fide company policy prohibiting long-term absences or excessive absenteeism rebuts the inference that an employee who violates the policy was terminated for retaliatory motives. Vince v. Parma Community Gen. Hosp. (Jan. 21, 1988), Cuyahoga App. No. 53180, unreported, 4.
In this vein, the affidavit of appellee's Manager of Human Resources, Clinton Lynch, states:
 "Commercial's policy since 1983 has been to review the attendance records of employees with long-term absences on a case-by case basis. When, due to long-term absences, an employee is, in effect, working part-time a written warning is issued to the employee informing the employee of the number of days missed, the number of scheduled work days, and usually includes an expression of the percentage of total work days missed. Notice include a warning that further discipline, including discharge, may result if long-term absences continue.
 Plaintiff was warned, and eventually terminated, according to Commercial's long-term absentee policy introduced in 1983 and the warning and discharge notices issued in this case to Plaintiff are the standard warning documents issued to employees excessively absent over the long-term."
This affidavit also contained examples of ten employees who had been disciplined under the company's policy on absenteeism, most of whom had long-term absences that were not the result of injuries covered by workers' compensation. Mr. Lynch claimed that employees were disciplined under the policy regardless of the reasons for their absence.
In the form of the aforementioned affidavit describing the company's long-term absentee policy and giving examples of others who had been disciplined for long-term absences, appellee demonstrated a legitimate nonretaliatory basis for appellant's discharge. Thus, in seeking summary judgment, appellee met its initial burden as the movant. See Dresher v. Burt (1996), 75 Ohio St.3d 280,293. See, also, Boyd, supra. In order to avoid summary judgment, appellant had the burden to produce competent evidence that he was specifically discharged because he sought workers' compensation. Molden v. Davey Tree Expert Co. (Dec. 8, 1989), Trumbull App. No. 88-T-4093, unreported, 5. Although Civ.R. 56 (C) requires that the evidence be construed in favor of the nonmovant, appellant may not rest on a bare allegation that he believes that he was discharged in violation of R.C. 4123.90.Laithwaite v. Pizza Hut Hallrich Co. (Aug. 19, 1986), Mahoning App. No. 85 C.A. 98, unreported, 2. See, also, Civ.R. 56 (E). "[P]assive conduct of receiving workers' compensation benefits, was not, in itself, enough to invoke R.C. 4123.90." Id.
Appellant was warned in the first letter, received in 1994 after an eight month absence, that additional continued absences would constitute cause for dismissal. Then, in 1996, appellant missed seven months of work. These absences are undisputed. In the three years that he worked for appellee, appellant missed 313 or 40% of his scheduled worked days. Appellee thereafter discharged appellant as it had done to others who had violated the policy after being warned. Although appellee's policy is applied on a case-by-case basis, there is no indication in the record that appellant was discharged as a result of his workers' compensation activities. See Riley v. Youghiogheny and Ohio CoalCo. (May 26, 1988), Harrison App. No. 410, unreported, where this court did not find it significant that an excessive absence policy was applied on a case-by-case basis. Because appellant failed to produce evidence that appellee's reason for discharging him was a pretext, appellant's sole assignment of error must be overruled. See Kilbarger, supra at 338.
For the foregoing reasons, the trial court's entry of summary judgment is affirmed.
Cox, P.J., dissents; see dissenting opinion., Donofrio, J., concurs.
APPROVED:
 ________________________________ JOSE J. VUKOVICH, JUDGE
[1] Appellant's brief is accompanied by Exhibit 1 which is an arbitrator's decision in a dispute between appellee and the union that was released after the trial court granted summary judgment. This decision held that appellant was not terminated for just cause and reinstated appellant without backpay. The arbitrator described events that occurred during appellant's workers' compensation proceedings which strengthen the inference that part of the reason for appellant's discharge was for pursuing continuing workers' compensation benefits. However, appellee correctly asserts that this court may not consider information contained in documents that were not before the trial court. Inre Contested Election (1995), 72 Ohio St.3d 411, 413, citingState v. Ishmail (1978), 54 Ohio St.2d 402.