OPINION
Plaintiff-appellant, Debra Russell, appeals from the November 5, 1998 judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee, Franklin County Auditor. For the reasons that follow, we affirm the trial court.
On October 8, 1997, appellant filed her complaint alleging that she was wrongfully terminated from her employment with appellee in violation of R.C. 4123.90. Appellant claimed that she had been terminated in retaliation for pursuing her rights under the Ohio Workers' Compensation Act with respect to three workers' compensation claims dating from 1989, 1994, and 1996. Appellant described the 1989 claim as an accident, while the 1994 and 1996 claims were for right carpal tunnel syndrome and left carpal tunnel syndrome, respectively.
Appellant, a long-term employee of the Franklin County Auditor's Office, was diagnosed with carpal tunnel syndrome in 1992. Jerry Bower, Safety Coordinator and Workers' Compensation Coordinator for the Franklin County Commissioners, contested the claims. Bower was of the opinion that appellant's claims were "bogus." Despite Bowers' decision to aggressively challenge the claims, the Industrial Commission allowed them.
On July 26, 1996, appellant left work to be treated by her doctor. Appellant underwent surgery on her right hand, but was terminated from her employment on August 6, 1997, before her claim was allowed for surgery on her left hand. Appellant eventually underwent surgery on her left hand in December 1997. As of July 29, 1998, the date of her deposition, appellant testified that she was still under a doctor's care and unable to work.
Appellant received a letter from the Franklin County Auditor dated May 12, 1997, placing appellant on Family Medical Leave.[1] The letter requested that appellant notify her supervisor in writing of her scheduled return-to-work date and any limitations or restrictions her supervisor might need to take into consideration. Appellant did not notify her supervisor in writing of this information, but did have at least one telephone conversation with him after May 12, 1997, concerning her status. Appellant's supervisor, Ollie Moore, testified that he kept Auditor Joseph Testa informed of appellant's status. Auditor Testa testified that Moore had advised Testa that appellant had not contacted Moore at any time during her twelve weeks of family medical leave.
Auditor Testa also testified that appellee has no written attendance policy, no written leave of absence policy and no employee handbook. He also stated that he was familiar with the FMLA, that his office complied with that act, and that his office had no specific policy as to when the FMLA would be triggered. Instead, each situation was considered on a case-by-case basis. Since 1993, the office had fewer than five queries concerning the FMLA. Appellant was the only employee terminated for exhausting her leave under its provisions. At the time of her termination, appellant had exhausted her accrued leave as well as her twelve weeks of family and medical leave.
On August 21, 1998, appellee filed a motion for summary judgment. By judgment entered on November 5, 1998, the trial court granted appellee's motion.
Appellant filed a timely notice of appeal and sets forth the following assignment of error for our review:
 The trial judge erred in granting defendant's motion for summary judgment pursuant to Ohio Civil Procedure Rule 56 as there were "genuine issues as to material fact"; therefore, summary judgment was not appropriate.
With respect to appellant's contention that summary judgment was improperly granted, Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
 * * * the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id.
Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. Accordingly, we stand in the shoes of the trial court and conduct an independent review of the record.
In the present action, appellant alleges that she was discharged by appellee in contravention of R.C. 4123.90 in retaliation for pursuing workers' compensation claims. R.C.4123.90 provides in relevant part:
 No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * *
The scope of the cause of action created by the statute is very limited, and the burden of proof is upon the employee to specifically show that the termination was in direct response to the filing of a claim. Metheney v. Sajar Plastics, Inc. (1990),69 Ohio App.3d 428, 432. A discharge based on excessive absenteeism is not violative of R.C. 4123.90 absent some credible evidence that such termination was retaliatory in nature. Ward v.Rose (Mar. 15, 1990), Franklin App. No. 89AP-1061, unreported (1990 Opinions 994). The statute does not prevent an employer from discharging an employee who is unable to perform his or her duties; it merely prevents an employer from discharging an employee because the employee pursues a workers' compensation claim. Barker v. Dayton Walther Corp. (1989), 56 Ohio App.3d 1,3.
Appellee's summary judgment motion was premised on the theory that appellant's termination was because of her continued absenteeism. When an employer, as the moving party, comes forward with proof of a legitimate nondiscriminatory reason for discharging an employee, it is incumbent upon the other side to then provide credible evidence that such discharge was in retaliation for pursuing benefits under the Workers' Compensation Act. Rose, supra; Kilbarger v. Anchor Hocking Glass Co. (1997),120 Ohio App.3d 332, 338.
In the present case, appellant questions why she was placed on family medical leave in May 1997, when she left work in July 1996. Appellant also points to the deposition testimony of Gerald Bower, who was of the opinion that appellant's workers' compensation claims were "bogus." However, it must be noted that Mr. Bower does not work for the auditor, but is employed by the Franklin County Commissioners.
Appellant argues that because the county had aggressively fought her claims, it raises an inference that the termination of her employment was in retaliation for filing those claims. Appellant further argues that her recovery from her injury was delayed due to the numerous appeals filed by the county. However, Mr. Bower did not consult with the auditor's office or with Auditor Testa as to whether any of appellant's claims should be contested, nor was Mr. Bower involved in the decision to terminate appellant. Furthermore, Auditor Testa indicated that he was unaware of the status of appellant's workers' compensation claims.
Appellant also questions one of the reasons given by the auditor for her discharge. Auditor Testa testified that one of the reasons he discharged appellant was because she had not communicated in writing with his office as instructed in the May 12, 1997 letter. Supervisor Moore testified that appellant had communicated with him, albeit not in writing, during the twelve-week period following receipt of the letter. Moore also indicated that he kept the auditor informed of the status of appellant's health.
Although appellant has pointed to a factual dispute concerning the auditor's knowledge of appellant's status during the period of time following receipt of the letter, it is undisputed that appellant had provided no written correspondence to the auditor during the twelve-week period as requested by the letter. In addition, this dispute is not material in light of the heavy burden on a plaintiff to prove a violation of R.C. 4123.90.
The undisputed facts are that appellant had been off work for over a year at the time of her termination, and she had exhausted all of her accrued leave and leave under the FMLA. As long as it is the position of the employer that it makes no difference to the employer whether the employee chooses to pursue a workers' compensation claim, and the employee will be discharged if he or she is unable to perform the work; the discharge cannot be said to be in retaliation for having pursued a workers' compensation claim. Barker, supra, at 3. "To hold otherwise would effectively preserve the status quo of every employee receiving benefits for job-related injuries, regardless of future job performance." Bea v. Revlon Realistic Products Co. (Nov. 27, 1985), Hamilton App. No. C-84-926, unreported. Thus, unless the Ohio General Assembly decides to expand the scope of R.C. 4123.90
to prohibit an employer from discharging an employee because the employee is unable to work as a result of a work-related injury, an employer is not prohibited from discharging an employee who has exhausted all her accrued leave and her leave under the FMLA. SeeBarker, supra, at 4.
Based on this record, it is clear that appellant was discharged because she had not been to work in over twelve months, had exhausted her leave, and had not communicated in writing as requested.
Accordingly, the single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and TYACK, JJ., concur.
[1] The federal Family Medical Leave Act ("FMLA") entitles an eligible employee to twelve weeks of unpaid leave per year for, among other things, "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Section 2612(a)(1)(D), Title 29, U.S.Code.