OPINION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Sandusky County Court of Common Pleas. The facts giving rise to this appeal are as follows.
Beginning in 1993, appellant, Franklin D. Brown, was employed as a machine operator with appellee, the Lear Corporation. On June 5, 1994, appellant sustained a compensable workplace injury to his shoulder for which he received temporary total disability benefits from the Bureau of Workers' Compensation from September 15, 1996 to February 14, 1998. Appellant began a medical leave of absence from his job, due to his shoulder injury, on September 15, 1996. On June 18, 1997, psychologist, Robert MacGuffie, diagnosed appellant with a depressive condition directly related to his shoulder injury. On June 30, 1997, appellant filed a motion to amend his claim with the Bureau of Workers' Compensation to include his newly diagnosed depressive disorder. On September 15, 1997, appellant's employment with appellee was terminated.
On March 12, 1998, appellant filed this instant action alleging wrongful discharge in retaliation for his filing of a workers' compensation claim and in violation of public policy. On March 23, 1999, appellee's motion for summary judgment was granted. Appellant now appeals setting forth the following assignment of error:
 "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN RENDERING SUMMARY JUDGMENT AGAINST APPELLANT BECAUSE, BASED UPON THE FACTS OF THIS CASE, A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER APPELLEE'S PROFFERED REASON FOR APPELLANT'S TERMINATION OF EMPLOYMENT WAS A PRETEXT TO DISCRIMINATE."
Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
Appellant contends the court erred in determining that no genuine issue of material fact existed as to whether appellant was terminated in retaliation for the filing of his motion to amend his worker's compensation claim.
R.C. 4123.90 provides that "no employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." The prima facie elements of the claim are: (1) the employee suffered an occupational injury; (2) the employee filed a claim for workers' compensation; and (3) thereafter, was demoted or discharged from her employment in retaliation for the filing of the claim for benefits. Wilson v. Riverside Hosp. (1985), 18 Ohio St.3d 8, syllabus. "If the employee establishes a prima facie case, then the employer must set forth a legitimate nonretaliatory reason for the discharge. Finally, if the employer provides a nonretaliatory reason, the employee must prove that the reason was pretextual." Boyd v. Winton Hills Med. Health Ctr., Inc. (March 5, 1999), Hamilton App. No. C-980355, unreported, citing Kilbargerv. Anchor Hocking Glass Co. (1997), 120 Ohio App.3d 332. 338.
The statute only protects against termination directly caused by the filing of a workers' compensation claim. The statute does protect workers from terminations based on other reasons unrelated to the filing of a worker's compensation claim. The court in Metheney v. Sajar Plastics, Inc. (1990), 69 Ohio App.3d 428,431, stated:
 "It is certainly within the realm of possibility that an employer could discharge an employee under the guise of an attendance policy when the company's actual motivation is to punish the worker for filing a claim. Such an action obviously thwarts the purpose of the statute. Nevertheless, it is the job of this court to apply the law as written.
 The scope of the cause of action created by the statute is very limited, and the burden of proof is upon the employee to specifically show that the termination was in direct response to the filing of a claim."
Appellant has set forth a prima facie case for retaliatory discharge. The undisputed facts are that appellant was injured at work and later suffered further health consequences from that injury, that appellant filed a workers compensation claim, and that appellant was thereafter fired.
Appellee argues that appellant was fired pursuant to an employee handbook policy which provides that any employee absent for a year, for any reason, will be terminated. Initially, we note that courts have upheld these policies and their application to employees on medical leave due to work related injuries as long as all absences, work related or not, are treated the same. SeeMetheney, supra; Barker v. Dayton Walther Corp., (1989), 56 Ohio App.3d 1. In this case, there was no evidence that appellee had ever applied its absentee policy in a discriminatory matter.
Nevertheless, we believe the trial court erred in granting summary judgment to appellee. Submitted in support of his motion in opposition to appellee's motion for summary judgment was a letter written to appellant from Carolyn Meek, appellee's Human Resources Administrator. The letter, dated September 22, 1997, states in pertinent part:
 "Although Healthlink had released you to return to work on 9/8/97, we were not able to allow you to return at that time. The reason for this, as was explained to you and your wife by Rick Campbell, was a motion filed on your behalf by your attorney with the Bureau of Workers' Compensation on 6/30/97." (Emphasis added.)
Rick Campbell, appellee's Safety Coordinator, attempted to explain the above language in a deposition. Campbell testified that the company did not allow appellant to return to work because of conflicting doctor's reports. Specifically, a physician's report released appellant to return to work on September 8, 1997. A psychologist's report attached to appellant's June 30, 1997 motion for workers' compensation stated "* * * it appears obvious that [appellant] will not be able to physical(sic) perform his job as a machine operator."
In considering a summary judgment motion, a trial court must "look at the record in the light most favorable to the party opposing the motion", Campbell v. Hospitality Motor Inns, Inc. (1986),24 Ohio St.3d 54, 58, and . . . all proper inferences drawn from any of the facts and evidence must be construed in favor of the party opposing the motion. Hounshell v. Am. States Ins. Co.
(1981), 67 Ohio St.2d 427, 433. Our review of the granting of a motion for summary judgment by a trial court is de novo. Doner v.Snapp (1994), 98 Ohio App.3d 597, 600.
Given the plain language of the September 22, 1997 letter from Carolyn Meek to appellant, we find it unavoidable to infer that appellant was terminated for filing a workers' compensation claim. Accordingly, we find there to be a genuine issue of material fact regarding appellant's claim under R.C.4123.90. Appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this opinion. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED
 Melvin L. Resnick, J., James R. Sherck, J.,Richard W. Knepper, J., concur.