[Cite as *Quesenberry v. Cleveland*, 2016-Ohio-5628.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103886**

# SHARON QUESENBERRY

PLAINTIFF-APPELLANT

vs.

# CITY OF CLEVELAND

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-833287

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEYS FOR APPELLANT**

Kenneth E. Smith
Fred M. Bean
The Spitz Law Firm, L.L.C.
25200 Chagrin Boulevard
Suite 200
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry, Director
City of Cleveland - Department of Law
Alejandro V. Cortes
Shawn M. Mallamad
Assistant Directors of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

**{¶1}**   Plaintiff-appellant, Sharon Quesenberry ("Quesenberry"), appeals from the trial court's judgment granting summary judgment in favor of defendant-appellee, the city of Cleveland ("City").   For the reasons set forth below, we affirm.

**{¶2}**   The instant appeal arises from the City's termination of Quesenberry's employment as a correction officer with the City.

**{¶3}**   In January 2013, Quesenberry applied for a position as a part-time correction officer with the City.[1]   In her application with the City, Quesenberry stated that she obtained a high school diploma from Lakewood High School.   The Civil Service Commission's minimum qualifications for the position of correction officer include that the applicant must have obtained a high school diploma or a GED.   As part of the application process, the City's department of human resources conducted a background check.   The City's background check did not indicate that Quesenberry was without a high school diploma.   Subsequently, Quesenberry began her employment with the City's Division of Correction on May 6, 2013.

**{¶4}**   In July 2013, Quesenberry applied for a full-time correction officer position with the City and was hired as a full-time employee in January 2014.   In this application, Quesenberry stated that she obtained a high school diploma from Lakewood High School.   For this position, the requisite background check was conducted by the City's Division

[1]Prior to her employment at the City, Quesenberry worked for the city of North Royalton ("North Royalton") as a correction officer for five years before relocating to Florida in 2009.   Quesenberry returned to Cleveland in 2013.

of Police.   This background check revealed that Quesenberry did not obtain a high school diploma.   Consequently, David Carroll, the Acting Commissioner of the Division of Correction ("Commissioner Carroll"), sent a letter to Quesenberry on February 12, 2014, because it appeared that she did not meet the minimum employment qualifications.   In his letter, Commissioner Carroll advised Quesenberry that a recent background check revealed that she does not have a high school diploma from Lakewood High School as she reported.   He requested that she must

> provide further documentation including a diploma issued by Lakewood High School no later than March 3, 2014[,] to rectify this matter[,] otherwise you will not meet the Civil Service Minimum qualifications to continue your employment as a Part Time Correction Officer with the City of Cleveland, Division of Correction.

{¶5}   In an effort to resolve the diploma issue, Quesenberry attempted to get a copy of her records from Lakewood High School.   Keith Ahearn, Principal of Lakewood High School ("Principal Ahearn"), advised Quesenberry that her high school record was incomplete, and he could not verify that she had graduated.   He wrote a letter on her behalf, stating:

> I am the current principal of Lakewood High School and I have personally reviewed the transcripts of Ms. Dusan [Quesenberry's maiden name].   Our records are incomplete and it appears that she was not issued a diploma due to outstanding school fees.   I can however, verify that she completed 16.5 credits at Lakewood High School.

{¶6}   On March 3, 2014, Quesenberry was injured at work while assisting an officer subdue an inmate.   After the incident, Quesenberry reported to her shift supervisor, Kenyon Jones ("Jones"), that she hurt her knee and needed to go to the

hospital for treatment. Upon her release from the hospital, Quesenberry provided Jones with a doctor's note requesting light-work duty. Quesenberry maintains Jones told her that light-work duty accommodations were not available. The City, on the other hand, maintains that the light-duty or transitional work assignment requested by Quesenberry was not available in the Division of Correction until the summer of 2014.

{¶7} Quesenberry filed a workers' compensation claim with the Bureau of Workers' Compensation ("BWC"). The City initially certified the claim for a left knee contusion and sprain and strain of Quesenberry's right shoulder. On March 12, 2014, the Ohio Industrial Commission allowed the claim for a right shoulder sprain, right shoulder contusion, right wrist sprain, right upper arm contusion, and left knee contusion. The City questioned the extent of Quesenberry's injuries and appealed the allowance of the additional injuries. The City's appeals were denied. Quesenberry requested temporary total disability compensation from March 4, 2014 through April 27, 2014. The City argued that Quesenberry was ineligible to receive disability compensation because she was fired for the failure to have a high school diploma. The staff hearing officer disagreed, and awarded Quesenberry disability compensation for the time she requested. The City's appeal from this decision was also denied.

{¶8} Then in June 2014, Quesenberry filed a request for additional temporary total disability from June 11, 2014 through August 27, 2014. Her request was initially denied. Quesenberry appealed from this decision, and the matter proceeded before a staff hearing officer who allowed disability for the time period June 3, 2014 through

August 27, 2014.[2] The City's appeal from this decision was denied on September 19, 2014. Subsequently, Quesenberry was paid temporary total disability from March 4, 2014 through August 27, 2014.

{¶9} In the interim, the City held a disciplinary hearing on April 28, 2014, regarding Quesenberry's diploma. The City maintains that it rescheduled Quesenberry's hearing on several occasions in order to provide her with additional time to prove that she met the Civil Service Commission's minimum qualifications. Quesenberry was not able to provide the City with a diploma from Lakewood High School at the hearing. Consequently on May 5, 2014, Quesenberry was discharged from her employment with the City for failing to verify that she obtained a diploma from Lakewood High School.

{¶10} In September 2014, Quesenberry filed a lawsuit against the City and the City's law director, claiming that she was wrongfully terminated in retaliation for filing a claim with the BWC and entitled to compensation for the City's intentional infliction of emotional distress. In January 2015, the trial court dismissed the City's law director as a party to the action. The City moved for summary judgment in September 2015. Quesenberry opposed the City's motion. In November 2015, the trial court granted the City's motion for summary judgment, finding that

> [t]he court, having considered all of the evidence and having construed the evidence in a light most favorable to the non-moving party, determines that reasonable minds can come but to one conclusion, that there are no genuine issues of material fact and that [the City] is entitled to judgment as a matter

[2]According to the staff hearing officer's decision, the BWC had already paid Quesenberry temporary total disability compensation through June 10, 2014.

of law.   Taking all of [Quesenberry's] allegations in her complaint as true, this court finds [Quesenberry] has failed to state a claim against [the City] as a matter of law.

{¶11}   It is from this order that Quesenberry appeals, raising the following three assignments of error for review, which shall be discussed together.

### Assignment of Error One

The trial court committed reversible error by wrongfully weighing the facts.

### Assignment of Error Two

The trial court committed reversible error by determining that Quesenberry did not satisfy her prima facie case for [workers'] compensation retaliation.

### Assignment of Error Three

The trial court committed reversible error by determining that no genuine issue of material fact remained as to whether the [City's] alleged reason for terminating Quesenberry were a pretext for [workers'] compensation retaliation.

### Motion for Summary Judgment — R.C. 4123.90

{¶12} Within these assigned errors, Quesenberry argues the trial court erred in granting summary judgment to the City because genuine issues of material fact exist as to whether she was fired in retaliation for seeking workers' compensation benefits.

{¶13} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).   In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367,

369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows.

{¶14} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶15} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶16} R.C. 4123.90 provides in pertinent part that

[n]o employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim * * * under the workers' compensation act for an injury or occupational disease which

occurred in the course of and arising out of his employment with that employer.

**{¶17}** To establish a prima facie case for retaliatory discharge, an employee must prove that the employee: (1) was injured on the job; (2) filed a claim for workers' compensation benefits; and (3) was discharged in contravention of R.C. 4123.90. *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 479 N.E.2d 275 (1985), syllabus. If the employee establishes a prima facie claim of retaliation, the burden shifts to the employer to articulate a legitimate nonretaliatory reason for its action. *Markham v. Earle M. Jorgensen Co.*, 138 Ohio App.3d 484, 492, 741 N.E.2d 618 (8th Dist. 2000), citing *Green v. Burton Rubber Processing, Inc.*, 11th Dist. Geauga No. 97-G-2102, 1998 Ohio App. LEXIS 5976 (Dec. 11, 1998). This "'burden * * * merely requires the employer to set forth a legitimate, nonretaliatory reason for the employee's discharge.'" *Lebron v. A&A Safety*, *Inc.*, 8th Dist. Cuyahoga No. 96976, 2012-Ohio-1637, ¶ 17, quoting *Kilbarger v. Anchor Hocking Glass Co.*, 120 Ohio App.3d 332, 338, 697 N.E.2d 1080 (5th Dist.1997).

**{¶18}** If the employer sets forth a legitimate, nonretaliatory reason for the employee's discharge, the employee must then establish that the reason given by the employer is pretext for retaliation. *Dragmen v. Swagelok Co.*, 8th Dist. Cuyahoga No. 101584, 2014-Ohio-5345, ¶ 18. Although the burden of proof shifts back and forth between the employee and the employer, the ultimate burden remains at all times on the employee to prove that the employer had a retaliatory motive for the discharge. *Markham* at 492, citing *Bertrand v. Collinwood Serv. Ctr.*, 8th Dist. Cuyahoga No. 58508, 1991 Ohio App. LEXIS 2278 (May 16, 1991).

{¶19} When considering whether an employer has a legitimate nonretaliatory reason for discharging an employee, the court must keep in mind the fact that an employee who files a workers' compensation claim is not insulated from discharge. *Markham* at 492. Therefore, employees who filed workers' compensation claims may be discharged for just and lawful reasons. *Id.* at 493.

{¶20} In the instant case, Quesenberry meets the first two elements of her retaliatory discharge cause of action. That is, she was injured on the job and filed a workers' compensation claim. The issue is with the third element — whether she was discharged in contravention of R.C. 4123.90. In analyzing this element, we focus on whether there was a causal connection between the filing of Quesenberry's workers' compensation claim and her subsequent discharge. *Dragmen* at ¶ 27.

{¶21} We recognize that the length of time between the claim and the discharge is a factor to consider in determining whether there was retaliation by the employer, however, "'temporal proximity alone is insufficient to establish a finding of casual connection.'" *Cunningham v. Korger Co.*, 1st Dist. Hamilton No. C-050990, 2006-Ohio-5900, ¶ 16, quoting *Pflanz v. Cincinnati*, 149 Ohio App.3d 743, 2002-Ohio-5492, 778 N.E.2d 1073, ¶ 47 (1st Dist.), "'If the company policy is neutral in its application, the correlation between the timing of the discharge and the claim is not sufficient to meet the burden of proof.'" *Dragmen* at ¶ 24, quoting *Metheney v. Sajar Plastics, Inc.*, 69 Ohio App.3d 428, 432, 590 N.E.2d 1311 (11th Dist.1990).

**{¶22}** In the instant case, Quesenberry stated in her part-time and full-time applications that she graduated from Lakewood High School. After she applied for a full-time position with the City, the background check completed by the police revealed that she did not obtain her diploma as she reported on both applications. As a result, on February 12, 2014, which was almost three weeks before Quesenberry's work injury, the City notified Quesenberry of the discrepancy and requested that she provide further documentation by March 3, 2014. The Civil Service Commission's minimum qualifications to continue employment with the City require a high school diploma or a GED.

**{¶23}** On March 3, 2014, Quesenberry was injured while attempting to subdue and inmate. Subsequently, she sought workers' compensation benefits, which were paid through August 27, 2014. After several continuances, the City had a hearing concerning Quesenberry meeting the minimum qualifications for employment with the City on April 28, 2014. On May 5, 2014, the City discharged Quesenberry from her employment with the City for "failing to provide a high school graduation certificate."

**{¶24}** Together, this evidence does not create an inference of a causal connection between Quesenberry's workers' compensation claim and her discharge. This connection was crucial to her claim. "The scope of R.C. 4123.90 is narrow and protects only against adverse employment actions in direct response to the filing or pursuit of a workers' compensation claim." *Ayers v. Progressive RSC, Inc.*, 8th Dist. Cuyahoga No. 94523, 2010-Ohio-4687, ¶ 14; *Dragmen,* 8th Dist. Cuyahoga No. 101584,

2014-Ohio-5345, ¶ 27. Here, the record demonstrates that the City initiated the proceedings regarding the minimum civil service qualifications and Quesenberry's high school diploma approximately three weeks prior to her injury and her subsequent workers' compensation claim. Consequently, Quesenberry did not establish that the City's actions were in direct response to her workers' compensation claim. As a result, Quesenberry did not sustain her burden to establish a prima facie case of retaliatory discharge, and summary judgment against her wrongful discharge claim was proper.

{¶25} Accordingly, the first, second, and third assignments of error are overruled.

{¶26} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR