**KILBARGER, Appellant,**

v.

**ANCHOR HOCKING GLASS COMPANY, Appellee.**

[Cite as *Kilbarger v. Anchor Hocking Glass Co.* (1997), 120 Ohio App.3d 332.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 96 CA 44.

Decided June 20, 1997.

*Perry–Dieterich & Assoc. Co., L.P.A.,* and *Eric R. Dieterich,* for appellant.

*Frost & Jacobs LLP, Thomas V. Williams* and *Jeffrey N. Lindemann,* for appellee.

---

WISE, Judge.

Appellant Mark Kilbarger appeals the decision of the Fairfield County Court of Common Pleas that entered judgment in favor of Anchor Hocking Glass Company ("Anchor Hocking") on his claim for retaliatory discharge pursuant to R.C. 4123.90.

Appellant began working for appellee Anchor Hocking in July 1978. In late June 1991, Anchor Hocking began its summer shutdown for three weeks. During that period, appellant worked as a painter helping other family members. Anchor Hocking's summer shutdown ended on July 13, 1991, and appellant returned to work on that date. On July 17, 1991, appellant reported to Anchor Hocking that he had injured his shoulder and upper arm while attempting to move a heavy bucket of "batch," the raw material used to make glass products.

Appellant subsequently filed a workers' compensation claim requesting benefits due to his injury. Anchor Hocking contested appellant's workers' compensation claim because of the manner in which appellant injured himself. In November 1991, Vicky Jarrell, appellant's common-law wife, informed Vern Montgomery, manager of the Mix and Melt Department at Anchor Hocking, that appellant had injured himself during summer shutdown while he was painting a house with his uncle. Jarrell also stated that appellant told her that he intended to return to work and claim that he had suffered the injury while working at Anchor Hocking, in connection with the use of the buckets.

Karen Feisel, Safety Manager at Anchor Hocking, asked the workers' compensation service company for Anchor Hocking to contact Vicky Jarrell to verify her allegations concerning appellant's injury. Karen Feisel also personally interviewed Vicky Jarrell, on two separate occasions, concerning appellant's statements regarding the workers' compensation claim.

Anchor Hocking contested appellant's workers' compensation claim through all three levels of the administrative hearing procedure based upon the information provided by Vicky Jarrell. However, appellant prevailed at all three levels of the administrative process. Anchor Hocking subsequently appealed the workers' compensation claim to the Fairfield County Court of Common Pleas. A trial was conducted on June 22, 1993. Following deliberations, the jury returned a verdict rejecting appellant's claim that his injury was job-related and therefore determined that appellant was not eligible to participate in the State Insurance Fund.

Following the trial, Anchor Hocking's management conducted a meeting to review appellant's workers' compensation claim. All of the managers at the meeting agreed that appellant should be discharged for falsification of records in connection with his workers' compensation claim. Falsification of records is a violation of Anchor Hocking's Plant Rules, Class 1, Rule 4.

Pursuant to the terms of the collective bargaining agreement, Anchor Hocking suspended appellant for seven days pending discharge. Anchor Hocking informed appellant that the reason for his suspension was for falsification of records. On July 1, 1993, Anchor Hocking informed appellant that he was discharged for record falsification.

On December 21, 1993, appellant filed a complaint in which he alleged that Anchor Hocking had terminated him in violation of R.C. 4123.90 and that Anchor Hocking had wrongfully discharged him. Following discovery, Anchor Hocking filed a motion for summary judgment. On December 30, 1994, the trial court granted Anchor Hocking's motion. Appellant appealed the trial court's decision to this court. On February 21, 1995, we reversed the trial court's grant of summary judgment, finding that reasonable minds could differ regarding whether or not appellant had been terminated in contravention of R.C. 4123.90. *Kilbarger v. Anchor Hocking Glass Co.* (1995), 107 Ohio App.3d 763, 669 N.E.2d 508

Upon remand to the trial court, a bench trial was conducted on April 25 and 26, 1996. Prior to trial, appellant dismissed the second count of his complaint, which alleged wrongful discharge. The trial court issued its judgment entry on June 4, 1996, finding in favor of Anchor Hocking on appellant's claim for retaliatory discharge.

Appellant timely filed a notice of appeal and sets forth the following assignments of error:

"I. The trial court applied an incorrect burden of proof on appellant by requiring appellant to prove that he was injured on the job.

"II. The trial court used on [*sic*] incorrect standard of proof in failing to require appellee to show by clear and convincing evidence that appellant filed a falsified claim.

"III. It was error for the trial court to allow appellee to admit information on other workers' compensation decisions and employee terminations as evidence that appellee did not discharge appellant in violation of 4123.90.

"IV. The trial court committed error by refusing to allow the appellant to inspect the writing used by Karen Feisel to refresh her memory.

"V. The court erred in admitting testimony of witnesses concerning their opinion of Vicky Jarrell's credibility.

"VI. The decision of the trial court is against the manifest weight of the evidence."

## Standard of Review

A trial court's decision concerning a claim of retaliatory discharge, pursuant to R.C. 4123.90, is a question of fact. *Eye v. Babcock & Wilcox Co.* (Dec. 13, 1995), Summit App. No. 17229, unreported, 1995 WL 734027, at 4. As an appellate court, we must not substitute our judgment for that of the trial court when competent, credible evidence supports the trial court's factual findings. *Id.,* citing *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 353, 617 N.E.2d 1136, 1137.

Therefore, we must affirm the decision of the Fairfield County Court of Common Pleas, dismissing appellant's cause of action for retaliatory discharge, if the record in this matter contains competent, credible evidence to support the decision. It is upon this standard of review that we analyze appellant's assignments of error.

## Burden of Proof

Appellant's first, second and sixth assignments of error each concern the burden of proof used by the trial court. Before we review appellant's assignments of error concerning the burden of proof, we will first address how and when the burden of proof shifts under a claim for retaliatory discharge. Initially, a plaintiff setting forth a claim for retaliatory discharge must plead a prima facie case in order to state a claim under R.C. 4123.90. This requires a plaintiff to allege the following elements: (1) that the employee was injured on the job, (2) that the employee filed a claim for workers' compensation, and (3) that the

employee was discharged in contravention of R.C. 4123.90. *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275, syllabus.

If the employee makes a prima facie case, the burden shifts to the employer to set forth a nondiscriminatory reason for the discharge. *Wilson v. Hupp Co.* (Nov. 25, 1987), Cuyahoga App. No. 54176, unreported, 1987 WL 20474, at 4, citing *Butler v. Square D. Co.* (June 29, 1984), Butler App. No. CA84-03-036, unreported, at 6. Although the employer has this burden of proof, which it must establish before the burden again shifts back to the employee, the burden does not require the employer to prove the absence of a retaliatory discharge. *Gallaher v. W.S. Life Ins. Co.* (Dec. 19, 1986), Hamilton App. No. C-860062, unreported, 1986 WL 14063, at 4. It merely requires the employer to set forth a legitimate, nonretaliatory reason for the employee's discharge. *Wilson v. Hupp* at 4. The employer does not have to validate this reason.

Finally, if the employer sets forth a legitimate, nonretaliatory reason, the burden once again shifts to the employee. The employee must then establish that the reason articulated by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Ohio Workers' Compensation Act. *Wilson* at 4, citing *Butler* at 6.

Therefore, if the employer fails to set forth a legitimate, nonretaliatory reason for the employee's discharge, the employee can establish a claim for retaliatory discharge. However, if the employer does set forth a legitimate, nonretaliatory reason and the employee is unable to prove that the reason articulated by the employer is pretextual and that the real reason is that the employee filed a claim for workers' compensation, the employee's claim for retaliatory discharge must fail. It is under this burden-shifting analysis that we review appellant's first, second, and sixth assignments of error.

## I

Appellant contends, in his first assignment of error, that the trial court applied an incorrect burden of proof by requiring appellant to prove that he was injured at work. Specifically, appellant refers to the trial court's judgment entry wherein the trial court found that appellant "failed with his burden of proof to show that the injury occurred at work, consistent with the jury finding in the workers [*sic*] compensation case."

We overrule appellant's first assignment of error. Although appellant pled a prima facie case in his complaint, by alleging the three elements necessary to state a claim under R.C. 4123.90, appellant still had the burden of proving all the

elements of his case at trial. Appellant failed to establish, at trial, that he was injured at work. The trial court did not apply an incorrect burden of proof.

Appellant's first assignment of error is overruled.

## II

Appellant contends, in his second assignment of error, that the trial court used an incorrect burden of proof when it failed to require Anchor Hocking to show, by clear and convincing evidence, that appellant filed a false claim. Appellant argues that although Anchor Hocking set forth a legitimate, nonretaliatory reason for his discharge, it failed to demonstrate that the reason was valid by clear and convincing evidence.

In support of this assignment of error, appellant refers to this court's language in *Kilbarger v. Anchor Hocking Glass Co.* (1995), 107 Ohio App.3d 763, 669 N.E.2d 508, where this court stated:

"At the first trial, appellant was required to prove by a preponderance of the evidence that he was injured on the job. In the case at bar, it will be appellee's burden of proving fraud by clear and convincing evidence." *Id.* at 767, 669 N.E.2d at 511.

■ In *Kilbarger*, this dicta placed a heavier burden upon Anchor Hocking than is required by law. An employer's burden does not require the employer to prove, by clear and convincing evidence, the absence of retaliatory discharge. *Gallaher* at 4. The employer merely has to set forth a legitimate, nonretaliatory reason for the employee's discharge. *Wilson v. Hupp Co.* at 4, citing *Butler* at 6.

However, even though the trial court applied this more stringent burden upon Anchor Hocking, it still found that appellant failed to establish he was discharged for bringing the workers' compensation action. Specifically, the trial court stated as follows:

"[T]he evidence was clear and convincing that Plaintiff was not fired in retaliation for bringing the workers' compensation action but rather for falsifying his claim in the first place. Under the evidence presented by the employer the claim was at first suspicious in that it happened with no witnesses around. Upon investigation the conclusion was reasonable that the nature of the injury was not consistent with the work that was being performed. Then Jarrell's statement left management no alternative."

Thus, even though appellant argues that the trial court did not require Anchor Hocking to establish by clear and convincing evidence that appellant filed a false workers' compensation claim, we find that the trial court did hold Anchor Hocking to this higher burden. However, even under this higher burden, the

trial court still found that Anchor Hocking did not terminate appellant because he filed a workers' compensation claim.

Appellant's second assignment of error is overruled.

## III

In his sixth assignment of error appellant contends that the trial court's verdict is against the manifest weight of the evidence. Appellant essentially argues that the trial court's findings on employer's reasons for terminating his employment were against the manifest weight of the evidence.

In reviewing a weight-of-evidence claim, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. We defer to the findings of the trial court since it is in the best position to observe the witnesses and weigh their credibility. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d, 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276.

Appellant refers to the testimony of Karen Feisel and the three reasons set forth by Feisel for appellant's termination. Feisel testified that Vern Montgomery believed that the injury could not have occurred in the manner appellant stated it did. Second, in deciding what action to take against appellant, Anchor Hocking considered the jury verdict in the workers' compensation case. Third, Anchor Hocking considered the testimony of Vicky Jarrell. Appellant attempts to discredit these reasons by referring to other evidence presented at trial.

In doing so, appellant attacks the validity of Anchor Hocking's reasons for his discharge, which is required under his burden of proof. However, appellant fails to cite evidence in the record, nor can we find any, which would establish that the reasons articulated by the employer were pretextual and that the real reason for the employee's discharge was the filing of a workers' compensation claim.

If appellant sought merely to attack Anchor Hocking's reasons for discharge, he should have pursued his claim for wrongful termination instead of dismissing it prior to trial. A situation similar to the case *sub judice* was addressed in *Hartwig v. Zeller Corp.* (Nov. 2, 1990), Defiance App. No. 4–89–12, unreported, 1990 WL 178954, wherein the court stated:

"We find nothing in the statute [R.C. 4123.90] that suspends the rights of the employer to discharge for a cause that is just other than the condition that the employee files a claim or participates in workers' compensation proceedings. Causes for discharge, other than that described in the statute, are not governed by this legislation. Further, there is no reference in this section of the statute to

an otherwise just and legitimate termination of employment at any time." *Id.* at 5.

Thus, the proper inquiry under a retaliatory discharge claim is whether a filing of a workers' compensation claim was the reason for his termination, not whether appellant's treatment under Anchor Hocking's work rules was fair.

We find, based upon the record in this matter, that the trial court's verdict was not against the manifest weight of the evidence.

Appellant's sixth assignment of error is overruled.

## IV

In his third assignment of error appellant contends that it was error for the trial court to allow Anchor Hocking to admit information of other workers' compensation decisions and employee terminations as evidence that it did not discharge appellant in violation of R.C. 4123.90. Under this assignment of error, appellant refers to the testimony of Karen Feisel. Feisel testified that one other employee had been discharged for falsification of records. Feisel also testified that fifteen employees whose workers' compensation claims had been denied were not terminated.

Appellant contends that this testimony was not admissible pursuant to Evid.R. 406, which provides as follows:

"Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

Appellant argues that the testimony presented by Feisel was insufficient to establish habit or routine. We disagree. This court, in *Gardner v. Kelsey Hayes Co.* (Aug. 10, 1995), Knox App. No. 94CA000015, unreported, 1995 WL 557004, stated that in considering a claim for handicap discrimination, it was proper to consider the fact that other nonhandicapped employees were retained or not disciplined for conduct similar to that which resulted in the plaintiff's discharge. *Id.* at 8–9.

Therefore, Anchor Hocking's evidence concerning consistent enforcement of the work rule regarding falsification of records and the fact that no other employees had been discharged for filing a workers' compensation claim is admissible under Evid.R. 406.

Appellant's third assignment of error is overruled.

## V

Appellant contends in his fourth assignment of error that the trial court committed error by refusing to allow appellant to inspect the writing used by Karen Feisel to refresh her memory. Feisel testified that she used notes to refresh her memory prior to testifying.

Evid.R. 612 addresses this issue and provides:

"[I]f a witness uses a writing to refresh his memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interest of justice, an adverse party is entitled to have the writing produced at the hearing. He is also entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness."

Appellant maintains that he was entitled to review the notes used by Feisel because a discrepancy existed concerning the date when Feisel first spoke to Vicky Jarrell concerning what appellant told her he intended to do. We disagree. Under Evid.R. 612, it was within the trial court's discretion whether to require Feisel to produce the documents, reviewed by her, prior to testifying. Therefore, in order to prevail under this assignment of error, appellant must establish that the trial court abused its discretion in not requiring Feisel to produce these documents.

An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. We do not find that the trial court abused its discretion when it denied appellant's request under Evid.R. 612, especially since appellant failed to conduct proper discovery prior to trial, when he could have clarified the dates in question.

Appellant's fourth assignment of error is overruled.

## VI

Appellant contends in his fifth assignment of error that the trial court erred when it permitted other witnesses to testify concerning the credibility of Vicky Jarrell. Appellant argues that this testimony was not admissible under Evid.R. 608, because Vicky Jarrell did not testify in the case *sub judice* and her character for truthfulness was not attacked at the workers' compensation trial.

Evid.R. 608(A) addresses opinion and reputation evidence and provides:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence

may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

We find that the trial court properly permitted the testimony of Karen Feisel concerning her opinion of Vicky Jarrell's reputation for truthfulness. The record indicates that appellant's trial counsel opened the door by questioning Feisel about her opinion of Vicky Jarrell's credibility. After appellant's trial counsel asked those questions, the trial court permitted, on redirect examination, Feisel's opinion as to Vicky Jarrell's credibility. We will not address this assignment of error as it relates to Karen Moyer because it does not relate to an objection concerning Vicky Jarrell's credibility.

Appellant's fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

*Judgment affirmed.*

GWIN, P. J., and WILLIAM B. HOFFMAN, J., concur separately.

GWIN, Presiding Judge, concurring.

I concur in the judgment, but write separately to clarify certain issues.

In the first appeal on this case, I authored the opinion, which reversed the granting of a summary judgment in favor of appellee employer. In that opinion, we correctly held that the fact that appellant was unsuccessful in his workers' compensation claim was not dispositive of the issue whether appellant had filed the claim fraudulently. However, we also held that appellee had the burden of proving fraud by clear and convincing evidence. I now believe that this was an error. I do not think that the appellee had a burden of proving anything.

In this case, the other judges discuss the burden of proof and the burden of production. Both cite *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275. *Wilson* dealt with a motion to dismiss pursuant to Civ. R. 12(B)(6). The *Wilson* court outlines what a plaintiff must do to survive a Civ. R. 12(B)(6) motion. Here we are far beyond that stage. The parties here have tried this case.

I believe that the appellant had the burden of proving all the elements of his case, and here, he failed to prove that he was injured on the job.

WILLIAM B. HOFFMAN, Judge, concurring.

I fully concur in the majority's analysis and disposition of appellant's second, third, fourth, fifth, and sixth assignments of error. I write separately to clarify what I believe to be the appropriate burden of proof to be applied to retaliatory discharge cases under R.C. 4123.90. In addition, I wish to separately express my position with respect to appellant's first assignment of error.

## BURDEN OF PROOF

I essentially concur with the majority's statement as to the burden of proof. I recognize that my disagreement may well be more a matter of semantics than substance.

Once an employee establishes a prima facie case for retaliatory discharge, the burden of going forward with the evidence shifts to the employer to set forth a legitimate, nonretaliatory reason for the discharge. The burden of going forward with the evidence is different from the burden of proof. The burden of proof never shifts.

If the employer meets its burden of going forward, the employee must prove that the nonretaliatory reason for discharge proffered by the employer is pretextual in nature and that the real reason for discharge was retaliation for the employee's pursuit of his workers' compensation claim. The burden of proof does not shift back to the employee. The burden of proof remains on the employee at all times. What changes is that the employee now must prove that the nonretaliatory reason for discharge proffered by the employer is pretextual and that the real reason for his discharge was retaliation for pursuing his workers' compensation claim.

## I

At issue herein is whether the trial court erred in requiring the appellant/employee to prove that he was injured on the job. The majority affirms this assignment of error pursuant to *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275. By so doing, I presume, the majority concludes that an employee is not required to prove that he was injured on the job in order to establish a claim for retaliatory discharge under R.C. 4123.90. With that conclusion, I readily agree.

The majority bases its decision on *Wilson.* I find that reliance misplaced. The majority states in its discussion of burden of proof that one of the elements a plaintiff is *required* to allege pursuant to *Wilson* is that the employee was injured on the job. It is axiomatic that a plaintiff is required to prove at trial any element that he is required to allege in his complaint. Despite the majority's

conclusion that the appellant was required to allege that he was injured on the job, it concludes that the trial court erred in requiring him to prove it at trial. I find that reasoning logically inconsistent.

I believe that the majority misinterprets *Wilson*. The syllabus in *Wilson* reads:

"A complaint filed by an employee against an employer states a claim for relief for retaliatory discharge when it alleges that the employee was injured on the job, filed a claim for workers' compensation, and was discharged by that employer in contravention of R.C. 4123.90."

There is a difference between what the Ohio Supreme Court found sufficient to state a claim under the facts in *Wilson* and what is required to state a claim for retaliatory discharge under R.C. 4123.90. The procedural posture of the *Wilson* case is significant. *Wilson* came to the Ohio Supreme Court as a result of the dismissal of the employee's complaint under Civ.R. 12(B)(6) for failure to state a cause of action. To the extent that the majority reads *Wilson* to require an injury on the job to be alleged (and, I contend, therefore necessarily proved at trial) as an element in a retaliatory discharge claim, *Wilson* is inapposite to the majority's conclusion.

Unlike the majority, I do not find that *Wilson* requires an allegation or proof of an injury on the job before a claim based upon R.C. 4123.90 can be maintained. *Wilson* held that the employee's complaint stated a claim. To find that the employee stated a claim is different from establishing what an employee is required to allege before he can state a claim for relief under R.C. 4123.90.

The issue becomes whether an employee can assert a successful claim for retaliatory discharge under R.C. 4123.90 even though the employee cannot prove that he sustained an injury on the job. I submit that a close reading of the statute reveals that the employee can maintain such a claim. R.C. 4123.90 states:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee *filed a claim or instituted, pursued or testified in any proceedings* under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." (Emphasis added).

Nothing in the statute requires the employer to have sustained an injury on the job, be it compensable or not. All the statute requires is that the employee has filed a claim or instituted, pursued, or testified in any proceeding under the Workers' Compensation Act for an injury or occupational disease that occurred in the course of and arising out his employment with that employer. I find no language in the statute to support the trial court's apparent requirement that the employee prove that an injury occurred at work.

Accordingly, I would sustain this assignment of error, not pursuant to *Wilson,* but rather based on the plain language of the statute.