OPINION
{¶ 1} Appellant, Teresa Ann King, appeals the November 20, 2002 judgment entry, in which the Trumbull County Court of Common Pleas found that she did not prove that she was wrongfully discharged from her employment from appellee, E.A. Berg Sons, Inc.
 {¶ 2} On July 12, 2001, appellant filed a complaint against appellee for retaliatory discharge. She alleged that she was discharged in retaliation for her filing a workers' compensation claim. Appellee filed its answer on September 6, 2001. On July 1, 2002, appellee filed a motion for summary judgment. Appellant filed a memorandum in opposition to the motion for summary judgment on October 4, 2002. On November 8, 2002, the trial court denied appellee's motion for summary judgment. A bench trial took place on November 18, 2002.
 {¶ 3} The evidence at trial revealed that on January 4, 2000, appellee hired appellant as a salesperson. She verified that her employment was at will. She was injured on the job on May 16, 2000, while she was moving a shelf. She testified that she received a whiplash type of injury, went down on her knees, and injured her neck back, knees, and wrist. As a result, she filed a workers' compensation claim and missed four and a half months of work. During the interim, appellee used a "temporary employee" to fill appellant's position. She returned to work on October 23, 2000, and worked uninterrupted until January 5, 2001.
 {¶ 4} On January 5, 2001, appellant re-injured her neck by packaging and lifting, and she re-filed her workers' compensation claim. About two weeks after appellant was injured, she received a letter dated January 19, 2001, from appellee's human resource manager terminating her employment. The letter read as follows:
 {¶ 5} "I am writing you this letter concerning your absence as a full-time employee of [appellee], as a result of a workers' compensation re-injury claim dated January 5, 2001. Due to the nature of the injury and the physical demands required to perform the job it appears that you are incapable of returning to [appellee] for future employment. Unfortunately, we have no other job available to meet your current capabilities. We are reluctant to have you return to your current job position risking further injury, therefore we have no alternative but to terminate your employment. * * *"
 {¶ 6} Appellant further testified that she never told the human resource manager that she would be unable to return to work after the second injury. She also acknowledged receipt of the employee handbook which stated that "[t]he job requirements of a retail sales representative [are] the following: ability to lift 30 to 40 pounds. Also, the capability of withstanding daily continuous physical activity, bending, leaning, pushing * * *." She also admitted the job of a retail sales representative was physically demanding.
 {¶ 7} On November 20, 2002, the trial court ruled that appellant "did not prove that her discharge was the result of retaliation by [appellee] for her filing of worker's compensation claims or in contravention of [R.C.] 4123.90. The issues in this case are therefore resolved on behalf of [appellee] and [appellant's] case is dismissed with costs being assessed to [appellant]." It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 8} "The trial court's judgment is against the manifest weight of the evidence."
 {¶ 9} In her lone assignment of error, appellant argues that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 10} In assessing a claim that a judgment in a civil matter is against the manifest weight of the evidence, the Supreme Court has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. Further, evaluating the evidence and assessing the credibility of that evidence are the primary functions of the trier of fact, and not of the appellate court. Yuhasz v. Mrdenovich (1992), 82 Ohio App.3d 490,492. "`[T]he trial [court] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'"Sanders v. Webb (1993), 85 Ohio App.3d 674, 682, quoting Seasons Coal,10 Ohio St.3d at 80. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." State ex rel.Celebrezze v. Environmental Ent., Inc. (1990), 53 Ohio St.3d 147, 154.
 {¶ 11} R.C. 4123.90 provides that: "* * * [n]o employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer * * *."
 {¶ 12} An employee proves a prima facie case for retaliatory discharge when she demonstrates that she: (1) was injured on the job; (2) filed a workers' compensation claim; and, (3) was discharged in contravention of R.C. 4123.90. Wilson v. Riverside Hosp. (1985),18 Ohio St.3d 8, syllabus. In the case at hand, while it is true that appellant was injured on the job and filed a workers' compensation claim, she did not prove that she was fired because she filed a claim. Specifically, the letter from her employer merely indicated that her physical condition as indicated in her workers' compensation claim would make her unavailable to meet the uncontested physical demands of the job. At trial, appellant bore the burden of specifically proving that she was fired because she filed a claim. Marsh v. Lincoln Elec. Co. (Apr. 4, 1997), 11th Dist. No. 96-L-052, 1997 WL 184757, at 3.
 {¶ 13} Once an employee raises an inference of a retaliatory discharge, the burden of going forward with evidence shifts to the employer to set forth a legitimate, nonretaliatory reason for the discharge. Green v. Burton Rubber Processing, Inc. (Dec. 11, 1998), 11th Dist. No. 97-G-2102, 1998 WL 964484, at 3. "If the employer sets forth a legitimate, nonretaliatory reason for the employee's discharge, the employee must establish that the reason given by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Workers' Compensation Act. While the burden of going forward with evidence may shift between the employee and the employer in these types of cases, the employee will always retain the ultimate burden of proof in an action filed under R.C. 4123.90." Id.
 {¶ 14} Here, although the timing of the termination of appellant's position and the letter may have raised suspicion that it was for retaliatory reasons, appellee produced competent and credible evidence which provided a basis to rebut appellant's theory that her termination was for some reason other than because she was unable to perform the physical requirements of the job. Therefore, it is our view that the trial court had sufficient competent, credible evidence upon which to base its conclusion.
 {¶ 15} Furthermore, appellant claims that Coolidge v. RiverdaleLocal School (2003), 100 Ohio St.3d 141, 2003-Ohio-5357, applies to the case at hand However, after reviewing the Coolidge opinion, it is our view that this case is factually distinguishable from Coolidge because the present matter dealt with appellant's inability to do the available work as a result of her injury and not because of absenteeism as in theCoolidge case.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Judith A. Christley and Diane V. Grendell, JJ., concur.