DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, April Goersmeyer, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was employed by Appellee, General Parts, Inc./Carquest, at the company's distribution center located in Brunswick, Ohio. In February 2002, Appellant injured her right hand while working. She injured her ankle at work in April of 2002. Appellant filed workers' compensation claims related to both injuries and received benefits as a result. She received several medical restrictions on her work activities as a result of these injuries. The restrictions with regard to her hand included (1) no repetitive motion, (2) no gripping, (3) no lifting over two pounds, (4) no pushing, (5) no pulling and (6) no sorting. With regard to her ankle, Appellant received the following restrictions: (1) no standing for more than three hours, (2) limited walking, (3) no running and (4) no jumping.
 {¶ 3} Due to Appellant's restrictions, during October and November 2002 she worked a temporary schedule of three hours per day. During this time, Appellant repeatedly violated her medical restrictions while working. On November 29, 2002, the operations' manager at Appellee's Brunswick facility, Tom Kenney, sent Appellant home because the company did not have any positions that she could perform without violating her medical restrictions. Appellant did not return to work for Appellee after November of 2002.
 {¶ 4} In February of 2004, Mr. Kenney learned from Appellant's treating physician that her medical restrictions as to the use of her right hand and wrist were permanent. The parties do not dispute that, with these restrictions, Appellant was unable to perform the tasks associated with any position at the Brunswick facility for which she was qualified. During his next visit to the Brunswick facility, Mr. Kenney reviewed Appellant's file with Appellee's regional vice-president. On May 6, 2004, Mr. Kenney terminated Appellant's employment.
 {¶ 5} Appellant sent written notice to Appellee pursuant to R.C.4123.90, complaining of wrongful discharge in violation of Ohio's Workers' Compensation Act. On November 2, 2004, Appellant filed a complaint alleging that Appellee terminated her employment in violation of R.C. 4123.90. Appellee filed its answer on December 2, 2004. Appellee filed a motion for summary judgment on September 1, 2005. On September 26, 2005, Appellant filed her response and brief in opposition to Appellee's motion. The trial court denied Appellee's motion and the case proceeded to a bench trial on October 17, 2005. On May 4, 2006, the trial court issued an order finding that Appellant had not been wrongfully discharged in violation of R.C. 4123.90. Appellant filed a timely notice of appeal from the trial court's decision, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS NOT WRONGFULLY DISCHARGED IN VIOLATION OF R.C. 4123.90." {¶ 6} In her sole assignment of error, Appellant asserts that the trial court erred in finding that she was not wrongfully discharged in violation of R.C. 4123.90. We disagree.
 {¶ 7} The question of whether Appellee wrongfully terminated Appellant in violation of R.C. 4123.90, is one of fact. "It is not within this [C]ourt's purview to substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings." Eye v. Babcock Wilcox Co. (Dec. 13, 1995), 9th Dist. No. 17229, at *2, citing Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 355. Therefore, we must affirm the decision of the trial court, finding in favor of Appellee on Appellant's cause of action for retaliatory discharge, if the record in this matter contains competent, credible evidence to support the decision. Kilbarger v.Anchor Hocking Glass Co. (1997), 120 Ohio App.3d 332, 337.
 {¶ 8} R.C. 4123.90 states, in relevant part:
 "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."
This statute "embodies a clear public policy that employers not retaliate against employees who exercise their statutory right to file a workers' compensation claim or pursue workers' compensation benefits." (Citations omitted.) White v. Mt. Carmel Med. Ctr., 150 Ohio App.3d 316,2002-Ohio-6446, at ¶ 35. Nonetheless, "[e]mployees who have filed for workers' compensation benefits may be discharged for just and lawful reasons. The statute protects only against termination in direct response to the filing or pursuit of a workers' compensation claim." Id. at ¶ 36, citing Markham v. Earle M. Jorgensen Co. (2000),138 Ohio App.3d 484, 493; Russell v. Franklin Cty. Auditor (Sept. 28, 1999), 10th Dist. No. 98AP-1502, at *2.
 {¶ 9} To establish a prima facie case for wrongful termination based on retaliation for filing a workers' compensation claim, i.e., retaliatory discharge, Appellant must be able to prove the following: (1) she suffered an occupational injury; (2) she filed a workers' compensation claim; and (3) her discharge was in contravention of R.C.4123.90, i.e., she was subsequently discharged from her employment in retaliation for filing the claim for benefits. Huth v. Shinner'sMeats Inc., 6th Dist. No. L-05-1182, 2006-Ohio-860, at ¶ 17, citingWilson v. Riverside Hosp. (1985), 18 Ohio St.3d 8, at syllabus.
 {¶ 10} If the employee sets forth a prima facie case, the burden shifts to the employer to set forth a nondiscriminatory reason for the discharge. Kilbarger, 120 Ohio App.3d at 338. "[I]f the employer sets forth a legitimate, nonretaliatory reason, the burden once again shifts to the employee." Id. The employee must then demonstrate that the employer's purported reason is pretextual and that in actuality, the employer discharged the employee because of the employee's protected activity under the Ohio Workers' Compensation Act. Id. citingWilson v. Hupp Co. (Nov. 25, 1987), 8th Dist. No. 54176, at *1.
 {¶ 11} The trial court made the following findings: (1) Appellant suffered two occupational injuries, (2) Appellant filed a workers' compensation claim for both injuries and recovered benefits, (3) Appellant was placed under medical restrictions for both injuries, (4) Appellant could not perform any jobs at work without violating her medical restrictions, (5) in February of 2004, Appellant's treating physician reported that her medical restrictions were permanent and (6) because there were no jobs at Appellee's Brunswick facility that Appellant could perform within the bounds of her medical restrictions, Appellee had to terminate her employment. From these findings, the trial court concluded that Appellant was terminated because her own doctors placed her on medical restrictions that prevented her from performing the physical requirements of the job. Consequently, the trial court found that Appellant failed to establish that her termination resulted from the filing of her workers' compensation claims.
 {¶ 12} Upon review, we find that Appellant has failed to establish a case of retaliatory discharge. While it is true that Appellant was injured while working for Appellee and filed workers' compensation claims, Appellant has failed to demonstrate that she was fired because she filed the claims. We find that reasonable minds could only conclude that Appellant's termination was based on her inability to carry out the requirements of her job, and not a result of her filing workers' compensation claims, for which she received benefits approximately a year and half before her termination. The parties do not dispute that Appellant's treating physician permanently restricted her from performing the physical activities necessary to execute any job at Appellee's facility. Although Appellant contends that she was willing to work, the record reflects her admission that there were no positions at the Brunswick facility that she could perform without violating her medical restrictions:
 "Q: And you would agree with me, that in November of 2002, with the restrictions your doctor had placed on you, there wasn't any job in the Brunswick facility you could do within those restrictions, was there?
 "A: Basically, no."
 {¶ 13} Our sister courts have ruled in favor of employers in retaliatory discharge actions where the employer cannot accommodate the employee's medical condition. Nickerson-Mills v. Family Medicine ofStark Cty., 5th Dist. No. 2004-CA-00389, 2005-Ohio-3547 (holding that former employer did not violate statute prohibiting retaliatory discharge where former employee, who was terminated more than two and one half months after filing her claim, was unable to carry out job requirements) and King v. E.A. Berg Sons, Inc., 11th Dist. No. 2002-T-0182, 2003-Ohio-6700 (finding that employee was not terminated on retaliatory basis where employer had no other position for employee who suffered neck injury and was unable to perform job duties).
 {¶ 14} Appellant claims that under Coolidge v. Riverdale LocalSchools, 100 Ohio St.3d 141, 2003-Ohio-5357, an employee receiving total disability benefits cannot be discharged from employment because he or she is absent from work as a result of a work-related injury. We find this case factually distinguishable from this matter. Coolidge involved the termination of a public school teacher who was discharged solely as a result of her significant absence from work. The plaintiff inCoolidge conceded that she was not terminated for filing a workers' compensation claim in violation of R.C. 4123.90. Id. at ¶ 24. In the present matter Appellant was terminated as a result of her inability to perform work within the bounds of her medical restrictions, not because of her absence from work as in Coolidge. See King, supra, at ¶ 15.
 {¶ 15} Appellant contends that she was sent home after she wrote a letter to Appellee's safety committee. Appellant does not elaborate on this assertion. She appears to insinuate that she was terminated in retaliation for reporting a safety violation. As this claim is unrelated to her contention that she was discharged in retaliation for filing her worker's compensation claim, we need not address it.
 {¶ 16} At oral argument, Appellant asserted that Appellee should have waited one more month — until June of 2004 — to terminate her. Appellant argued that she had scheduled a medical evaluation for June of 2004 and that she could have returned to work after the evaluation. Appellant additionally asserted that Appellee should have permitted her to perform work in violation of her medical restrictions. We find no merit in either contention.
 {¶ 17} First, Appellant has not raised either of these arguments in her brief and fails to provide any reference to the record to support these contentions. See App.R. 16(A)(7). Moreover, the record demonstrates that (1) Appellant has not worked for Appellee since November of 2002, (2) in February 2004 Appellee received a letter from Appellant's physician informing them that Appellant was permanently partially disabled, and (3) at the October 17. 2005 trial, Appellant testified that several doctors have examined her and not a single one has ever released her to return to work for Appellee. Following Appellant's reasoning to its logical conclusion creates an untenable scenario for an employer wherein the employer could not terminate an employee even if the employee's physical limitations prevented her from performing any job for several years so long as she continued to seek medical evaluations.
 {¶ 18} Second, an employer does not have to consider whether to employ a person who wishes to work in violation of his or her medical restrictions. An employer is permitted to rely on its employee's doctor's opinion that the employee cannot return to work as a result of certain medical restrictions. Shirey v. Pepperidge Farm, Inc. (Sept. 25, 2002), N.D. Ohio No. 3:01CV7536, at *5.
 {¶ 19} In this case, Appellant has failed to demonstrate that she was discharged because she filed a workers' compensation claim. Rather, the evidence demonstrates that Appellant was terminated because there were no positions Appellant could perform within the bounds of her permanent medical restrictions. The trial court's decision is supported by competent, credible evidence. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 20} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. BOYLE, J. CONCUR