DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellee, Roadway Express, Inc.[1] ("Roadway"), against appellant, Anthony L. Napier. *Page 2 
For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant, a union member,[2] was terminated from his employment with Roadway on April 27, 2004, for "acts of dishonesty," to wit, while appellant was using a company computer in association with his job duties, he opened a directory bearing his supervisor's name and e-mailed himself the contents of several "contracts" files regarding the company's agreements with the union. Appellant filed a complaint in the trial court on October 22, 2004, alleging that he was wrongfully terminated (1) in retaliation for filing a worker's compensation claim; (2) in violation of Ohio public policy; and (3) in retaliation for appellant exercising his rights of concerted activity as outlined under Section VII of the National Labor Relations Act. Because appellant's third cause of action involved a question of federal law, Roadway removed the action to the United States District Court for the Western District of Ohio. On October 7, 2005, pursuant to appellant's request, the district court dismissed appellant's third cause of action with prejudice and remanded the matter to the common pleas court.
 {¶ 3} On November 24, 2005, Roadway filed a motion for summary judgment. Appellant responded on January 9, 2006. The trial court granted Roadway's motion for *Page 3 
summary judgment and dismissed appellant's complaint in an entry journalized on May 4, 2006. On appeal, appellant raises the following assignments of error:
 {¶ 4} "1. The trial court erred in finding that because appellant was a member of a union at the time he was terminated, he was precluded from bringing a cause of action for wrongful discharge in violation of public policy.
 {¶ 5} "2. The trial court erred in finding that, as a matter of law, appellee's asserted non-retaliatory reason for terminating appellant was not pretextual."
 {¶ 6} Appellant argues in his first assignment of error that the trial court erred in granting summary judgment as to his second cause of action for wrongful discharge in violation of public policy. In its motion for summary judgment, Roadway sought judgment against appellant on his second cause of action on the basis that, pursuant to Haynes v.Zoological Society of Cincinnati (1995), 73 Ohio St.3d 254, as a union member, appellant could not maintain a cause of action for wrongful termination in violation of public policy. In his response, appellant stated, "[consistent with our earlier representation, plaintiff hereby dismisses his Second Cause of Action." Appellant then stated that he believed Haynes was wrongly decided, would eventually be overturned, and that he did "not want to throw in the towel on this issue because there is a possibility that before this case is concluded, Haynes may be overruled"; however, appellant made no specific arguments in opposition to Roadway's motion for summary judgment regarding his second cause of action, never stated why Haynes should be overruled or why it was inapplicable to the facts in this case. *Page 4 
 {¶ 7} Despite appellant's dismissal of his second cause of action, appellant argues on appeal that "the status of appellant's second cause of action, which alleged wrongful discharge in violation of public policy, is somewhat uncertain." We disagree. Appellant stated that "[consistent with our earlier representation, plaintiff hereby dismisses his Second Cause of Action." At best, appellant's dismissal may have been conditional if Haynes had been overturned during the pendency of this action, but it has never been reversed or modified.[3] We have thoroughly reviewed appellant's response to Roadway's motion for summary judgment and determine that appellant dismissed his second cause of action. Accordingly, we find appellant's first assignment of error not well-taken.
 {¶ 8} Appellant argues in his second assignment of error that the trial court erred in finding that, as a matter of law, appellee's asserted non-retaliatory reason for terminating appellant was not pretextual. In reviewing a motion for summary judgment, an appellate court must apply the same standard of law as the trial court. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. As such, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). This review is done by an appellate court de novo, Grafton v.Ohio Edison Co. (1996), *Page 5 77 Ohio St.3d 102, 105, and requires the court to independently examine the evidence to determine, without deference to the trial court's determination, if summary judgment is warranted. Brewer v. ClevelandCity Schools (1997), 122 Ohio App.3d 378, 383, citing Brown v. CountyComm'rs (1993), 87 Ohio App.3d 704, 711.
 {¶ 9} R.C. 4123.90 states, in relevant part:
 {¶ 10} "No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."
 {¶ 11} This statute "embodies a clear public policy that employers not retaliate against employees who exercise their statutory right to file a workers' compensation claim or pursue workers' compensation benefits."White v. Mt Carmel Med. Ctr., 150 Ohio App.3d 316, 2002-Ohio-6446, at ¶ 35, citing Bryant v. Dayton Casket Co. (1982), 69 Ohio St.2d 367, 371, and Boyd v. Winton Hills Med. Health Ctr., Inc. (1999),133 Ohio App.3d 150, 161. Nonetheless, "[t]he statute protects only against termination in direct response to the filing or pursuit of a workers' compensation claim," and does not prevent employees who have filed for workers' compensation benefits from being "discharged for just and lawful reasons." Id. at ¶ 36, citing Markham v. Earle M. JorgensenCo. (2000), 138 Ohio App.3d 484, 493. *Page 6 
 {¶ 12} An appellant must first be able to establish a prima facie case for wrongful termination based on retaliation for filing a workers' compensation claim, i.e., retaliatory discharge in contravention of R.C.4123.90. Huth v. Shinner's Meats Inc., 6th Dist. No. L-05-1182,2006-Ohio-860, ¶ 17, citing Wilson v. Riverside Hosp. (1985),18 Ohio St.3d 8, syllabus. See also, Goersmeyer v. General Parts, Inc., 9th Dist. No. 06CA00045-M, 2006-Ohio-6674, ¶ 9. Once an employee has set forth a prima facie case, "the burden shifts to the employer to set forth a nondiscriminatory reason for the discharge."Goersmeyer, citing Kilbarger v. Anchor Hocking Glass Co. (1997),120 Ohio App.3d 332, 338. "[T]he burden does not require the employer to prove the absence of a retaliatory discharge," rather, it "merely requires the employer to set forth a legitimate, nonretaliatory reason for the employee's discharge." Kilbarger at 338. If the employer sets forth a legitimate, nonretaliatory reason, the burden again shifts to the employee to "specifically show" that the employer's purported reason is pretextual and that the real reason the employer discharged the employee was because the employee engaged in activity that is protected under the Ohio Workers' Compensation Act. Metheny v. Sajar Plastics,Inc. (1990), 69 Ohio App.3d 428, 432. See, also, Goersmeyer at ¶ 10, citing Kilbarger at 338.
 {¶ 13} Although related to discriminatory hiring and/or firing, we find the decisions of the United States Supreme Court to be instructional in this case. The United States Supreme Court has stated that an employee may demonstrate that the employer's purported reason is pretextual either directly "by persuading the court that a *Page 7 
discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Dept. of Community Affairs v. Burdine (1981),450 U.S. 248, 256, 101 S.Ct. 1089, 1095, citing McDonnell Douglas Corp. v.Green (1973), 411 U.S. 792, 804-805, 93 S.Ct. 1817, 1825-1826. Another method observed by the United States Supreme Court to establish pretext is to demonstrate that other employees who were involved in acts against the employer, that were of comparable seriousness to those of the employee's, were retained when the employee was not. SeeMcDonnell at 804 ("[Employer] may justifiably refuse to rehire one who was engaged in unlawful, disruptive acts against it, but only if this criterion is applied alike to members of all races."). Other evidence that may be relevant to establish pretext include the employer's treatment of the employee during his prior term of employment, the employer's reaction, if any, to the employee's participation in a protected activity, and the employer's general policy regarding similarly situated employees. Id at 804-805.
 {¶ 14} In this case, appellant produced evidence that, after he filed his workers' compensation claim and returned to modified work duty, his supervisor "made it rough for him in the office by constantly harassing him, trying to intimidate him, and trying to make his life uncomfortable." For purposes of summary judgment, we agree with the trial court that appellant demonstrated a prima facie case of retaliatory discharge.
 {¶ 15} Appellant, however, argues that the trial court erred in granting Roadway summary judgment as to his first cause of action because the trial court failed to consider *Page 8 
that Roadway's purported reason for firing appellant was "unworthy of credence" because Roadway failed to prove that there was any "dishonesty" involved with appellant e-mailing the contracts to himself Appellant asserts that his actions were not dishonest and that he did not "steal" the documents in question because (1) he was properly logged onto the computer at the time he entered his supervisor Jeff Kelly's directory; (2) Roadway never established that he was told to stay within his own directory; (3) the union already had all the documents appellant copied and sent to himself, including an agreement letter of understanding between Roadway and the union, Roadway's draft proposals for collective bargaining, Roadway's recommended contract changes, and various other contract provisions and addenda; and (4) appellant could have gotten copies of all the documents from the union, had he asked. Based upon his establishment of a prima facie case for retaliatory discharge, and Roadway's unfounded reason for firing him, appellant argues that he met his burden of demonstrating that he was fired in retaliation for filing a workers' compensation claim.
 {¶ 16} Following an injury to his knee, appellant filed for workers' compensation benefits. Roadway did not dispute appellant's claim and appellant received benefits while he was injured and unable to work. In January 2004, appellant was permitted to return to work, but was on restricted duty due to his injury. As such, appellant, whose usual job was truck repair, was assigned to modified work duty ("MWD") until April 27, 2004.
 {¶ 17} Appellant's MWD included clerical duties and tracking of fuel usage. He was required to use the computer; however, appellant was not given his own password to *Page 9 
the company's computer. Rather, a supervisor would log appellant on to the computer under the supervisor's name and password. Once logged-on, appellant had a directory in his name wherein he completed his work tasks. On appellant's last day of scheduled MWD, he accessed Kelly's directory and copied and pasted contract language from Kelly's files into e-mails, which appellant then sent to his personal e-mail address.
 {¶ 18} Upon a thorough review of the record, we find that appellant has failed to demonstrate that Roadway's proffered reason for firing appellant was a mere pretext for an actual retaliatory firing as a result of appellant's workers' compensation claim. Roadway did not dispute appellant's claim for benefits, accommodated his need to work under modified working conditions for several months, and, although appellant felt harassed and intimidated, there is no showing that this related to his workers' compensation claim. Moreover, contrary to appellant's assertion, Roadway does not have to "prove" that appellant's acts were dishonest, but rather, need only show a legitimate, nondiscriminatory reason for appellant's termination. Despite appellant's arguments to the contrary, we find that under the circumstances in this case, Roadway's basis for firing appellant was not lacking in credence. No aspect of appellant's duties required him to read his supervisor's computer files, let alone, copy them and e-mail them to himself. The fact that appellant could have obtained the documents through other means does not negate the subversive method by which he obtained them from his supervisor's files. Furthermore, there was no evidence that any other employee was retained after engaging in similar conduct. *Page 10 
 {¶ 19} Accordingly, we find that the there are no genuine issues of material fact and that Roadway was entitled to summary judgment as a matter of law. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 20} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] Roadway Express, Inc. has been incorrectly named Roadway Freight, Inc. throughout this litigation.
[2] Appellant was a member of the bargaining unit represented by the International Brotherhood of Teamsters and the Teamsters, Chauffeurs, Warehouseman and Helpers Union, Local 20.
[3] On appeal, appellant argues that Coolidge v. Riverdale LocalSchool Dist. (2003), 100 Ohio St.3d 141, "explicitly rejected the contention that only an at-will employee could allege wrongful termination in violation of Ohio public policy." Coolidge was decided before appellant filed his cause of action, but appellant failed to rely on it in response to Roadway's motion for summary judgment. Moreover,Coolidge does not overrule Haynes. *Page 1