OPINION *Page 2 
{¶ 1} Plaintiff-appellant Eric T. Wurzauf appeals the judgment of the Union County Court of Common Pleas in favor of defendant-appellee Honda of America Mfg., Inc. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On January 24, 2003, Wurzauf worked for Honda and sustained an injury to his right hand in the course and scope of his employment. Following his injury, Wurzauf filed a workers' compensation claim with the Industrial Commission of Ohio. Two doctors, Dr. Kevin Olsen, D.O., and Dr. Arthur Hughes, M.D., determined that Wurzauf was temporarily totally disabled, and Dr. Olsen removed Wurzauf from work on January 31, 2004. Wurzauf was awarded temporary total disability (TTD) compensation for his injury.
 {¶ 3} On May 11, 2004, Honda discharged Wurzauf while he was off work, allegedly for failing to comply with its Medically Inactive Transition (MIT) program. As a result of an apparent failure to forward the necessary documentation, Wurzauf was not receiving TTD compensation at the time that he was discharged. But, on August 25, 2004, the Industrial Commission retroactively reinstated Wurzauff's TTD compensation. *Page 3 
 {¶ 4} Wurzauf subsequently filed a notice of wrongful discharge with Honda and a related complaint in the Union County Court of Common Pleas. In his complaint, Wurzauf alleged that Honda discharged him in violation of R.C. 4123.90, which prohibits an employer from taking punitive action against an employee for filing or pursuing a workers' compensation claim. Wurzauf later alleged, in his trial brief, that Honda also discharged him in violation of public policy. To support his public-policy allegation, Wurzauf relied on the Ohio Supreme Court's decision in Coolidge v. Riverdale Loc. School Dist., 100 Ohio St.3d 131,2003-Ohio-5357, 797 N.E.2d 61.
 {¶ 5} Following a bench trial, the trial court determined that Honda did not discharge Wurzauf in violation of R.C. 4123.90 or public policy. Wurzauf now appeals the trial court's decision to this court and sets forth one assignment of error for our review.[1]
 ASSIGNMENT OF ERROR The trial court erred in finding that the employer did not discriminate in terminating the Appellant's employment and not finding a violation under Ohio Revised Code 4123.90 and the Supreme Court's pronouncement in Coolidge v. Riverdale Local School District (2003, 100 Ohio St.3d 141.
 {¶ 6} In his sole assignment of error, Wurzauf argues that the trial court erred when it determined that Honda did not discharge him in violation of R.C. *Page 4 4123.90 and/or public policy. For purposes of clarity, we analyze Wurzauf's argument under R.C. 4123.90 separately from his public-policy argument.
 {¶ 7} In general, Wurzauf argues that the trial court's determination that Honda did not discharge him in violation of R.C. 4123.90 is against the manifest weight of the evidence. See King v. E.A. Berg Sons,Inc., 11th Dist. No. 2002-T-0182, 2003-Ohio-6700, at ¶ 10. Under the applicable standard of review, we must affirm the trial court's determination if it is supported by some competent, credible evidence in the record. See Goersmeyer v. Gen. Parts, Inc., 9th Dist. No. 06CA00045-M, 2006-Ohio-6674, at ¶ 7, citing Kilbarger v. Anchor HockingGlass Co. (1997), 120 Ohio App.3d 332, 337, 697 N.E.2d 1080.
 {¶ 8} R.C. 4123.90 is a part of the Ohio Workers' Compensation Act and provides, in pertinent part, as follows:
 No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.
 {¶ 9} On appeal, Honda argues that the testimony and evidence introduced at trial establish that Wurzauf was discharged for his noncompliance with the MIT program, not because he filed and pursued a workers' compensation claim. We agree. *Page 5 
 {¶ 10} At trial, a Honda representative, Robert Duane Tribune, described the MIT program at issue. Tribune testified that the program allows a disabled employee to remain employed and eligible for benefits at Honda, and that the program enables Honda to work with the disabled employee and the employee's treating physician to assist the employee in returning to work. Tribune also testified that any Honda employee who is disabled and off work for 26 consecutive weeks is enrolled in the program, and that an eligible employee may, under certain circumstances, remain enrolled for up to 208 weeks.
 {¶ 11} In addition, Wurzauf testified that Honda personnel explained the MIT program to him, that he understood and agreed to comply with the requirements of the program, and that the information he was given specified that he was required to attend periodic meetings and undergo testing, including a functional capacity evaluation.[2] Wurzauf further testified: he failed to undergo an evaluation at any time or otherwise comply with the requirements of the program; Honda representatives repeatedly advised him by telephone and certified mail that his noncompliance subjected him to being discharged; he did not contact the Honda representatives despite their requests that he do so; and he did not attend, reschedule, or call to cancel any of the evaluations that Honda had arranged because Dr. Olsen and Dr. Hughes previously determined that "[he] wasn't *Page 6 
functionally capable of going back to work * * *." Significantly, Wurzauf also admitted on cross-examination that his noncompliance prompted his discharge:
 [Honda's Counsel]: You were terminated from Honda in May of 2004 for failing to provide Honda with paperwork supporting your Leave of Absence and failing to comply with the MIT Policy or MIT Program, is that your understanding?
 [Wurzauf]: Yes. And failure to show up for the functional capacity test.
 [Honda's Counsel]: That would be the MIT policy?
 [Wurzauf]: Yeah.
 {¶ 12} In short, the testimony and evidence presented at trial indicate that Honda discharged Wurzauf because he refused to comply with the requirements of the MIT program. The record is entirely devoid of any testimony or evidence supporting Wurzauf's retaliatory-discharge claim under R.C. 4123.90. Accordingly, we find that the trial court's determination that Honda did not discharge Wurzauf in violation of R.C.4123.90 is supported by competent, credible evidence. Thus, the trial court's determination is not against the manifest weight of the evidence.
 {¶ 13} Wurzauf also argues, in his sole assignment of error, that the trial court erred when it determined that Honda did not discharge him in violation of public policy. *Page 7 
 {¶ 14} In Coolidge v. Riverdale Loc. School Dist, a school district discharged a public school teacher while she was absent from work as a result of a work-related injury and was receiving TTD compensation for the injury. Coolidge at ¶¶ 3-6. The teacher filed suit against the school district, alleging that her discharge contravened public policy. Id. at ¶¶ 21-24. The teacher reasoned that R.C. 3319.16, which afforded her protection from termination without "good and just cause," should not be construed to allow the school district to discharge her based solely on her absence resulting from her work-related injury. Id. at ¶ 24.
 {¶ 15} The Ohio Supreme Court ruled in favor of the teacher. In doing so, the court held that an "an employee who is receiving TTD compensation pursuant to R.C. 4123.56 may not be discharged solely on the basis of absenteeism or inability to work, when the absence or inability to work is directly related to an allowed condition."Coolidge at ¶ 46. To support its holding, the court relied on the public policy embodied in the Ohio Workers' Compensation Act, specifically R.C.4123.56 and 4123.90. Id. at ¶ 42. Notably, the court clarified at the outset of its opinion that the teacher had not alleged a retaliatory discharge claim under R.C. 4123.90. Id. at ¶ 24.
 {¶ 16} Appellate courts in Ohio disagree as to the meaning and breadth of the Ohio Supreme Court's holding in Coolidge. See, e.g., Bickers v.Western Southern Life Ins. Co., Inc., 1st Dist. No. C-040342,2006-Ohio-572 (interpreting *Page 8 Coolidge as creating a public-policy exception to the employment-at-will doctrine); Brooks v. Qualchoice, Inc., 8th Dist. No. 85692, 2005-Ohio-5136 (holding Coolidge expanded the type of action that constitutes retaliation under R.C. 4123.90 to include termination for absenteeism while on TTD). This court has interpreted the holding inCoolidge as creating an independent tort claim for wrongful discharge in violation of public policy. Klopfenstein v. NK Parts Indus., Inc., 3d Dist. No. 17-05-05, 2007-Ohio- ______.
 {¶ 17} A question exists in this case as to whether Wurzauf properly pled a wrongful-discharge claim under Coolidge. Wurzauf asserted at trial that he did; however, Honda asserted at trial that Wurzauf did not. The complaint provides: "Plaintiff was discharged because he pursued her [sic] rights under the Ohio Workers' Compensation Act for injuries sustained in the course of and arising out of his employment with Defendant, Honda of America MFG, Inc., in violation of Ohio Revised Code § 4123.90."
 {¶ 18} As discussed above, Coolidge and our prior precedent clearly distinguish between (1) a retaliatory-discharge claim under R.C. 4123.90
and (2) an independent tort claim for wrongful discharge in violation of public policy. But the unambiguous language contained in Wurzauf s complaint does not account for this distinction. Accordingly, we cannot say that Wurzauf alleged a cause of action under Coolidge for wrongful discharge in violation of public policy, and we *Page 9 
believe that the retaliatory-discharge claim under R.C. 4123.90 was the only claim properly before the trial court.
 {¶ 19} Even so, the trial court determined that Honda did not discharge Wurzauf in violation of public policy. Assuming that Wurzauf pled a wrongful-discharge claim in this case, we conclude, as did the trial court, that the claim lacked merit.
 {¶ 20} Unlike the teacher in Coolidge, Honda did not discharge Wurzauf for absenteeism or his inability to work. Instead, the evidence and testimony introduced at trial established that Honda discharged Wurzauf for his outright refusal to comply with a program that, according to Tribune's undisputed account, Honda actually designed and implemented to benefit disabled employees like Wurzauf by assisting them in returning to work.
 {¶ 21} We acknowledge that an employer may not circumvent the Ohio Supreme Court's holding in Coolidge by implementing a program to couch an otherwise unlawful, absenteeism-based discharge in terms of noncooperation or noncompliance. See Coolidge at ¶¶ 50-51. Nothing in the record indicates, however, that Honda intended to do so in this case. In fact, Tribune's testimony on cross-examination and several of the exhibits admitted into evidence indicate that Honda implemented the MIT program at issue well before Coolidge was decided. *Page 10 
 {¶ 22} In sum, we find that the trial court's determination that Honda did not discharge Wurzauf in violation of R.C. 4123.90 is not against the manifest weight of the evidence. We also find that Wurzauf did not plead a cause of action for wrongful discharge in violation of public policy based on Coolidge. And, even if he did, we further find that such a claim lacked merit. Based on our findings, we conclude that the trial court did not err when it determined that Honda did not discharge Wurzauf in violation of R.C. 4123.90 or public policy.
 {¶ 23} Wurzauf s sole assignment of error is overruled.
 {¶ 24} Having found no error prejudicial to Wurzauf in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ROGERS, P.J., concurs.
 SHAW, J., concurs in part and dissents in part.
[1] We quote Wurzauf's assignment of error exactly as it appears in his amended brief.
[2] Exhibits A and B, which Wurzauf signed and the trial court admitted into evidence, discussed the requirements of the MIT program and substantiated Wurzauf's testimony.